## BOND *v.* BREWER.

1. Inasmuch as the act of Sept. 27, 1881 (Code, §1955a), made "the existing statutes and laws of this State in relation to the registration and record of mortgages on personal property" applicable to all conditional sales of personal property in which a reservation of title was made by the seller, and the law of force at that time allowed thirty days within which to record a mortgage on personalty, such seller had, under that act, the same number of days within which to record the contract of conditional sale.
2. The words of the act above quoted referred only to the statutes and laws existing at the time of its own passage, and were not intended to embrace the provisions of any act which might thereafter be passed changing the time for the recording of mortgages.
3. It appearing that the vendee, who executed the contract of conditional sale, was a resident of this State, and it therefore being incumbent upon the plaintiff to show affirmatively that the contract was recorded in the county of the former's residence, and the evidence upon this subject being conflicting, the court erred in directing a verdict for the plaintiff.

July 29, 1895. By two Justices.

Trover. Before Judge REESE. Elbert superior court. September term, 1894.

IRA C. VANDUZER, for plaintiff in error.

WILLIAM D. TUTT, *contra.*

SIMMONS, Chief Justice.

On March 9th, 1894, Brewer sold a horse to King on credit, taking King's promissory note for the purchase price, in which it was stipulated that the title to the horse should remain in the vendor until the note should be paid. On the following day the note was filed for record, but before it was filed King had sold the horse to Bond, who purchased without actual notice of any outstanding title in Brewer. Brewer brought trover against Bond for the horse, and on the trial of the case the court,

after hearing the evidence, directed a verdict in favor of the plaintiff, leaving the jury to assess the amount of damages, which they accordingly did. The defendant's motion for a new trial was overruled, and he excepted.

1–2. It was contended that the reservation of title in Brewer was not good as against Bond, because the contract had not been filed for record prior to Bond's purchase of the horse. The act of Sept. 27, 1881 (Code, §1955a), which provides for the record of contracts for the sale of personal property in which a reservation of title is made by the vendor, declares that "the existing statutes and laws of this State in relation to the registration and record of mortgages on personal property, shall apply to and affect all conditional sales of personal property as defined in" this act. It was argued by counsel for the plaintiff in error, that the language "existing statutes and laws," etc., has reference to those existing at the time of the execution of the contract, and therefore that the contract came within the provisions of the registry act of 1889, which declares that "deeds, mortgages and liens of all kinds which are now required by law to be recorded in the office of the clerk of the superior court of each county within a specified time, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record." We do not agree with counsel in this contention. We think the natural and reasonable intendment of the language above quoted from the act of 1881 is, that it has reference to the statutes and laws existing at the time of its enactment, and not to such as might thereafter be passed changing the time for recording mortgages. When this act was passed, the existing law as to the recording of mortgages on personal property allowed thirty days within which to record such mortgages. (Code, §1955.)

That law, therefore, became as much a part of the act of 1881 as if the act in so many words said that thirty days should be allowed for the recording of contracts of this kind; and the act was in no wise affected by any subsequent statute changing the time allowed for the recording of mortgages, but containing no reference to contracts of conditional sale.

3. Section 1956 of the code provides that mortgages on personalty shall be recorded "in the county where the mortgagor resided at the time of its execution, if a resident of this State." This law was in existence when the act of 1881, *supra* (Code, §1955a), was passed, and, under the terms of that act, became applicable to contracts of the kind now in question. It appeared from the evidence that King, the plaintiffs' vendee, resided in this State at the time the contract was executed. In order, therefore, for the plaintiff to show a title to the horse in himself, which would be good as against the defendant, it was incumbent upon him to show affirmatively that the contract by which the title was reserved in himself was recorded in the county where King resided. *Cohen & Co.* v. *Candler*, 79 *Ga.* 427. It appeared that the contract was recorded in Elbert county, but the evidence was conflicting as to whether that was the county of the vendee's residence or not. It being, therefore, an issue of fact whether the contract was recorded in the proper county, the court ought to have submitted the question to the jury, and it was error to direct a verdict in favor of the plaintiff. *Judgment reversed.*