## SOUTHERN RAILWAY CO. *v.* KING BROTHERS & CO.

1. A father who has neither forfeited nor relinquished his parental power is entitled to the proceeds of the labor of his minor son, and the minor can not defeat his father's right to the same by assigning his wages to a third person.

2. Where a father is entitled to recover the wages of his minor son, and such wages are voluntarily paid by the minor's employer to the father, such payment is a good defense to a suit against the employer by an assignee of the minor.

APRIL 13, 1911.

Complaint. Before Judge Bell. Fulton superior court. January 28, 1910.

*Edgar A. Neely,* for plaintiff in error.

*R. B. Blackburn,* contra.

EVANS, P. J.   King Brothers & Company brought their equitable petition against the Southern Railway Company and H. E. Johnson, alleging, in substance, that Johnson, who was an employee of the railway company, had assigned to them his wages earned during the months of August and September, 1908; that notice of the assignment was given to the railway company, which has in its hands, accruing from the wages of Johnson, a sum equal to the amount of the assignments; that they had demanded payment of the amount from the railway company and payment thereof was refused; and that upon the failure and refusal of the railway company to pay over the amount of the assignments to the plaintiffs upon demand, the railway company became the custodian of the same for the sole use and benefit of the plaintiffs. The prayer was for a judgment against the railway company, and a decree that the title to the salary account of H. E. Johnson while in the employment of the railway company, to the extent of the assignments, be decreed to be in plaintiffs, and that the railway company be

required to pay same over to the plaintiffs free of cost. The railway company admitted the allegations of fact as alleged in the petition, and set up the following affirmative defense, to wit: "Further answering, defendant says that its codefendant, H. E. Johnson, is a minor, and was a minor at the time of making the assignments, as alleged in the petition, and at the time of earning all the wages ever due him by the Southern Railway Company; that his father never released parental control over him, had never manumitted him, nor given him the right to his wages or earnings; that these facts, as stated, came to defendant through a demand of the said father, H. F. Johnson, for the wages of his minor son, H. E. Johnson, which are claimed by plaintiff, and that, upon such demand and proof thereof, defendant paid such wages to H. F. Johnson, and defendant owes plaintiff nothing." Upon motion of plaintiffs' counsel the court struck this special defense, and directed a verdict for the plaintiffs, upon which judgment was duly entered. The error alleged to have entered into the final judgment is the striking of the special defense.

Counsel for the defendant in error argues, in support of the correctness of the court's ruling, that the plea stricken by the court was an attempt on the part of the railway company to plead the infancy of its codefendant, and as such plea of infancy is personal it was not available to the railway company. We do not so construe the defense stricken by the court. The effect of the plea was that the minor's wages were legally due to the father and not to the minor, and that the assignment of the wages under the circumstances therein alleged was ineffectual to defeat the father's right to the wages of his minor son, and that the company's payment to the person legally entitled to collect the wages of its employee exonerated it from further liability. There were two claimants to the fund held by the railway company as a stakeholder. It was both the right and the duty of the railway company, in possession of all the facts, to decide the question as to the ownership of the fund. *Franklin* v. *Southern Railway Company,* 119 *Ga.* 855 (47 S. E. 344). The railway company decided that the money belonged to the father under the circumstances alleged in its plea, and in this conclusion it was right. The statute declares that until majority the child remains under the control of the father, who is entitled to his services and the proceeds of his labor, unless this

parental power is lost in the manner pointed out in the statute. Civil Code (1910), § 3021. It does not appear that the father had relinquished or forfeited his right to the wages of his minor son, and the latter can not deprive his father of his right to the proceeds of his labor by assigning such to a third person. The court erred in striking the plea of the railway company, which set up the defense of payment of the wages earned by its minor employee to his father.                *Judgment reversed. All the Justices concur.*