## 7629. CAMP v. TURNER et al.

WADE, C. J. 1. Without considering the testimony which the court excluded, as to the claim of right under which the plaintiff held possession of the property for which she brought her action of trover, her testimony disclosed that she was in fact in possession of the property after the death of her husband, and she was entitled to maintain her action for any interference with such possession except as against the true owner or a person wrongfully deprived of possession. Civil Code of 1910, § 4482.

2. There being proof of possession by the plaintiff and of interference therewith by the defendants, who had not been deprived wrongfully of the property in dispute, and were not the true owners thereof, the court erred in awarding a nonsuit.

3. The assignment of error on the exclusion of a certain writing, evidencing a proceeding in the court of ordinary, may not be considered, since the contents of the document excluded can not be ascertained without reference to other parts of the record (*Flynt* v. *Tribble*, 146 *Ga.* 277 (91 S. E. 80); and as this assignment of error may not be considered, we can not rule upon the further assignment of error, complaining of the exclusion of testimony to the effect that the plaintiff's possession of the property in dispute was held under and by virtue of proceedings from the court of ordinary, excluded by the court.

> *Judgment reversed. George and Luke, JJ., concur.*
> DECIDED MARCH 15, 1917.

Trover; from city court of Floyd county—Judge Nunnally. June 16, 1916.

*Harris & Harris,* for plaintiff.   *M. B. Eubanks,* for defendant.