### 16605. JONES v. McCOWEN.

JENKINS, P. J. 1. A plaintiff in trover must recover on the strength of his own title and right of possession to the property involved, and not that of another. Where a minor child labors and earns money, the presumption is that the proceeds of his labor belongs. to his father, if living; and where it is claimed that such in fact belongs to the minor, that presumption must be overcome by proof of the fact that the father has, either expressly or impliedly, manumitted the minor so as to allow the proceeds of the labor to go to the minor. The plain-

tiff minor, not having overcome such presumption, did not show title or right of possession to the property sued for. See, in this connection, *Wolf* v. *East Tennessee &c. R. Co.,* 88 *Ga.* 210 (2) (14 S. E. 199); *Smith* v. *Smith,* 112 *Ga.* 351 (3) (37 S. E. 407); *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (2) (66 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507); *Southern Railway Co.* v. *King,* 136 *Ga.* 173 (1, 2) (70 S. E. 1109); *Mock* v. *Neffler,* 148 *Ga.* 25 (3), 27 (95 S. E. 673); *Richter* v. *Virginia-Carolina Chemical Co.,* 1 *Ga. App.* 344 (2) (57 S. E. 939); Civil Code (1910), § 3021; 29 Cyc. 1655 (18).

2. A levying officer is not guilty of tortious conduct or conversion with reference to property which he levies upon and holds by virtue of such levy, under special process by the terms of which he is expressly commanded to levy upon and seize the very property involved. Such special process, if it appear fair and regular on its face, will be his protection in the premises. The constable, at the time the trover suit was instituted, having the property sued for in his possession under the levy of a chattel mortgage fi. fa., expressly describing such property, which appeared fair and regular on its face, was not guilty of a conversion, and for this additional reason was not liable in an action in trover. See, in this connection, *Chipstead* v. *Porter,* 63 *Ga.* 220; *Jefferson* v. *Hartley,* 81 *Ga.* 716, 718 (9 S. E. 174); *Haslett* v. *Rodgers,* 107 *Ga.* 239, 245 (33 S. E. 44); *Williams* v. *Inman,* 1 *Ga. App.* 321 (2), 324 (57 S. E. 1009); *Geer* v. *Thompson,* 4 *Ga. App.* 756 (2) (62 S. E. 500); *Dunlap-Huckabee Auto Co.* v. *Central Georgia Automotive Co.,* 31 *Ga. App.* 617, 620 (122 S. E. 69).

                    *Judgment affirmed. Stephens and Bell, JJ., concur.*
                    DECIDED JANUARY 14, 1926.

Trover; from Bibb superior court—Judge Malcolm D. Jones. May 22, 1925.

Jones, a minor, brought trover against a constable for a bull which the constable had seized and was holding under the levy of a mortgage-foreclosure fi. fa. against the plaintiff's father, and also under the levy of a distress warrant against the father. The testimony of the plaintiff was to the effect that he, when about 13 or 14 years old, worked and earned the money with which he bought the bull. It did not appear that his father had manumitted him, either expressly or impliedly. From the evidence of the defendant it appeared that at the time of the levy the bull was in the pasture of the father.

*Hubert F. Rawls,* for plaintiff.
*J. P. Burnett,* for defendant.