19869. SOUTHERN RAILWAY COMPANY *v.* CAMPBELL COAL COMPANY.

84

■■■■■■■

Decided February 3, 1930.

■■■■■■■

*McDaniel, Neely & Marshall, W. O. Wilson,* for plaintiff in error. *Alston, Alston, Foster & Moise,* contra.

Bell, J.   R. O. Campbell Coal Company brought suit against Southern Railway Company, as upon an express contract, to recover the alleged purchase-price of eight carloads of coal, amounting to $1177.65.   The plaintiff moved to amend the suit by adding a second count, as upon a quantum valebat, to recover the same sum as the reasonable value of the coal.   The court allowed this amendment, over objection that it set forth a new and distinct cause of action, and the defendant excepted pendente lite.   In the trial the plaintiff abandoned the original count and sought a recovery on the second count only.   The trial resulted in a verdict in favor of the plaintiff, after which the defendant moved for a new trial, which the court refused, and the defendant excepted.

■ The court did not err in allowing the plaintiff to amend the petition by adding a second count, based upon a quantum valebat. Such amendment did not set forth a new and distinct cause of action.   *Bartow Guano Co.* v. *Adair,* 29 *Ga. App.* 644 (116 S. E. 342).   This ruling is not in conflict with what is held in any of the cases cited for the plaintiff in error, each of these cases being distinguished on its facts from the case at bar.   Compare *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (2) (128 S. E. 812).

■ The evidence presented a very unusual and interesting state of facts.   It appears that the plaintiff had a contract to buy eight carloads of coal from E. F. Guy of Jasper, Alabama.   The coal was shipped by Guy to the plaintiff upon an open bill of lading in which Guy was named as shipper and the plaintiff as consignee. The plaintiff had coal yards in Atlanta, in which were private tracks entered through a gate, which was opened and closed for the entrance and exit of trains or cars.   Upon the arrival of the coal in Atlanta and before its acceptance the plaintiff, claiming that the coal was of an inferior quality, had, through its president, a conversation with Guy over the long-distance telephone, which, as the plaintiff contends, resulted in an agreement that Guy would

make a reduction of 25 cents per ton and that the plaintiff would accept the coal. The plaintiff further contends that this agreement was duly executed by the acceptance of the coal into its yards. The shipment reached its destination by way of the defendant's line of railroad, and it was by the defendant's train or trains that it was placed within the bounds of the plaintiff's yards. Within a few hours, and before any of the coal was unloaded, the defendant removed the coal and used it as its own property. The plaintiff contends that at the time the defendant received the coal it was the property of the plaintiff, and that the circumstances of the transaction were such that an agreement by the defendant to pay to the plaintiff the reasonable value thereof was implied in law. The defendant contends that it had bought the coal from Guy as coal which the plaintiff had rejected and which it was necessary for Guy to resell. This contention on the part of the defendant is made chiefly, but not alone, upon the basis of communications which it had with Guy or his representative, the defendant further contending that conversations which it had with the plaintiff authorized or tended to the same conclusion. The plaintiff admits knowledge of the fact that Guy communicated with the defendant about the coal, but insists that it understood the transaction between Guy and the defendant to have been made only for the account of the plaintiff, through an effort on the part of Guy to assist the plaintiff to dispose of coal which it had accepted but was not fully satisfied with. According to the evidence introduced, the plaintiff and the defendant each paid Guy for the coal, the plaintiff having remitted in advance, and the defendant having remitted soon after its receipt of the coal. We will not attempt to set forth the evidence in detail. The issue for determination was whether, as contended by the plaintiff, the coal had become the property of the plaintiff and was its property at the time of delivery to the railroad company, or whether, as contended by the defendant, the plaintiff had rejected the coal so as to authorize its sale to another by the shipper as the property of the latter. After a careful examination of the evidence, we have concluded that the jury were authorized to find in favor of the plaintiff upon the issue of title, and we are therefore unable to hold that the verdict in the plaintiff's favor should have been set aside on the general grounds.

In the motion for a new trial error was assigned upon the

following charge of the court: "If you believe that the plaintiff in this case did deliver to the defendant railroad company coal as charged in the plaintiff's amended petition, and that it was delivered to the company as the coal of the plaintiff, and that the defendant railroad company accepted it and used it, then and in that event an implied promise would arise on the part of the defendant company to pay the plaintiff the reasonable market value for the coal at the time it was delivered to it." It was complained that this charge was error because it instructed the jury "that the defendant railroad company would be liable if it accepted and used the coal. The court should have charged that the defendant railroad would be liable if it accepted the coal as the coal of plaintiff, and that failure to charge this left out from the consideration of the jury any question as to whether the defendant company accepted the coal as the property of the plaintiff or as the property of E. F. Guy." Without determining whether the excerpt quoted was a correct and proper charge under the facts of this case, we think it contained no such error as to require a new trial, in view of the general charge given. The effect of the assignment is to complain of incompleteness, rather than of inherent or abstract error, and the alleged deficiency, if existing, appears to have been removed by other instructions given. *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (13b) (118 S. E. 488). We refer to the following statement, which was included in the court's charge: "If you should believe that the coal was shipped to the plaintiff company by one from some place in Alabama, as referred to in the evidence, and if you should believe that, before the coal was received, the plaintiff made advancement to the one shipping it on account of shipments of coal, that there were other transactions between the parties in addition to this; and if you should further believe that, when the coal arrived in Atlanta, the plaintiff inspected the coal referred to in the case and rejected it upon the ground that it was of an inferior quality and not the quality of the coal bought; and if you should believe that, after the rejection of the coal, the original shipper sold that coal to the defendant company, and that the railroad company accepted it as rejected coal by the plaintiff, and paid the original shipper for it, then and in that event the defendant company would not be liable to the plaintiff on account of the coal."

This appears to have been a concrete and accurate statement of

the defendant's contention and of the law applicable thereto, and we are thus of the opinion that upon a consideration of the charge as a whole the jury were not misled by any possible error in the excerpt complained of.

Error was also assigned upon the following charge: "If you should believe that the coal in question was placed within the enclosure of the yard of the plaintiff company, and if you should believe that thereafter the coal was withdrawn from that yard by the defendant company and appropriated to the use of defendant company,—if you should believe that under the circumstances of withdrawal of it from the yard, that the circumstances were such as to put a person, a reasonable person acting with reasonable care and diligence, on notice that the plaintiff was not delivering to the railroad company as rejected coal and that the defendant railroad company accepted it under the circumstances that would put a reasonable person, acting with reasonable care and diligence, on notice that it was not being delivered, or permitted to be withdrawn from its yard as rejected coal, then and in that event the defendant railroad company would be liable to the plaintiff for a reasonable market value for the coal so withdrawn, or used by it." The exceptions to this charge were as follows: "Movant contends that the foregoing charge is error because it puts upon the railroad company, the defendant, the burden of inquiring into the contract between E. F. Guy and the R. O. Campbell Coal Company, and charges them with the duty of making inquiry as to the circumstances under which the coal was delivered to the defendant company. Movant further contends that no such duty or burden was as a matter of law upon the defendant company." We do not think the charge was error for any of the reasons assigned. If the coal was in the possession of the plaintiff coal company, there was a presumption of ownership by it, and if the coal did in fact belong to the plaintiff, the defendant would be responsible for the reasonable value of the same, no matter what may have been the agreement between the defendant and Guy. In other words, the defendant took the coal subject to liability to the real owner, and, accordingly, had the burden of inquiring into the contract between Guy and the plaintiff so far as was necessary to ascertain the title of Guy as its vendor, since in the absence of some estoppel against the plaintiff the defendant purchased from Guy at its peril if it turned out

88

that the coal was actually the property of the plaintiff. *Haas* v. *Godby*, 33 *Ga. App.* 218 (3) (125 S. E. 897).

The third and last special ground of the motion for a new trial amounted only to an amplification of the general grounds, and can not be sustained.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*