### 32825. ALTMAN v. CROWN FINANCE CO. INC.

FELTON, J. 1. Where the defendant in trover files an answer in which he claims title to the property sought to be recovered adversely to the plaintiff, contending that he was an innocent purchaser from one who bought from the original purchaser, it is not necessary for the plaintiff to prove a conversion. *Smith* v. *C. I. T. Corp.*, 186 *Ga.* 199 (197 S. E. 322); 56 *Ga. App.* 544 (193 S. E. 261). It follows that where the plaintiff shows that it claims title to an automobile under a retention-of-title contract which was recorded in Muscogee County, Georgia, the burden of proof of showing that the contract was not recorded in the county of the residence of the purchaser was upon the defendant. He failed to carry such burden in this case.

2. A recorded retention-of-title contract stipulating that the purchaser is indebted to the seller for a balance due "as evidenced by agreement and note executed contemporaneously herewith," is sufficient to put the public on notice and protects a transferee (of the instrument) from the vendor. The case of *Patterson Co.* v. *Peoples Loan & Savings Co.*, 158 *Ga.* 503 (123 S. E. 704), was one where the possession of the property was retained by the vendor and sold by him, and is therefore not applicable.

3. Where a conditional-sale contract is recorded it is not always necessary for a transfer thereof to also be recorded. Unless the failure to record a transfer in some way induces one not a party to the original contract to act to his injury in dealing with one of the parties, the transferee's right and remedies are the same as the original vendor in the conditional-sale contract. There are no facts in this case tending to show that the defendant below was in any way harmed by the failure to record the transfer of the instrument. See *Thomas* v. *Hudson*, 190 *Ga.* 622 (10 S. E. 2d, 396).

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*

DECIDED MARCH 3, 1950.

118

*Pierce Brothers, W. D. Lanier,* for plaintiff in error.
*Harris, Chance & McCracken,* contra.