33869. ANDERSON *v.* REESE *et al.*

438

Decided February 28, 1952.

*R. L. Carr,* for plaintiff.

*M. W. Eason, John P. Rabun,* for defendants.

Sutton, C. J.   Daniel Anderson instituted a bail trover action against Mrs. Minnie Anderson Reese and Louis Reese, and alleged that the defendants had converted to their own use certain described property to which the plaintiff claimed title, the property described being five head of cattle, steers, each of an alleged value, and that the defendants had refused to deliver the described property to the plaintiff or to pay him the profits thereof.

The defendants filed separate answers, denying the allegations of the petition, and Mrs. Minnie Anderson Reese further answered by alleging that the steers described in the petition were her property and were not then and never had been the property of the plaintiff.

On the trial of the case, the plaintiff testified that the steers involved in the suit were his property, some of them being the issue of a cow he bought in Wayne County, Georgia, and others being the descendants of a cow he got in a trade with his wife after they moved to Tattnall County, and three of them were brought by him and his wife to Tattnall County when they moved there, and some time after they moved, their daughter and her husband, Minnie Anderson Reese and Louis Reese, moved in with them to help take care of Mrs. Anderson, who was sick, and they brought no cows with them; that the tax returns (for the cattle) were made by the plaintiff's wife until she died, and after her death the plaintiff returned them for taxes; that the plaintiff and the defendants lived together, and they all looked after the herd of cattle, but the cattle got most of their feed on

the open range. He testified on cross-examination that he stayed away from home a great deal of the time before they moved to Tattnall County, and that when his wife and daughter Minnie, who was then unmarried, lived in Toombs County, they ran a farm together in that county, and the plaintiff, being away for several years, knew little about their business. Some of the plaintiff's neighbors testified to the effect that, when the plaintiff and his wife moved to Tattnall County, they brought several cows with them, and one of these witnesses testified that the steers involved in the trover suit were loaded on a truck at the witness's farm and hauled away; that one of them was a dun-colored steer which Mrs. Anderson brought with her when she and her husband moved to Tattnall County; and that the defendants brought no cattle with them when they moved in to live with the plaintiff and his wife.

The defendant, Mrs. Minnie Anderson Reese, testified that the five steers involved in this case were owned by her at the time they were sold, and the plaintiff never had any right, title, or interest in them; that she and her mother, Mrs. Anderson, lived on and operated George Smith's farm in Toombs County in 1938, and while they lived there she bought a cow and heifer calf from one Jennings Eason and paid for them herself; that the heifer calf grew up, and the steers in question are the issue of that heifer; that, after moving from the Smith farm, she and her mother lived together and farmed various places for several years; that her father, the plaintiff, did not live with them; that she married Louis Reese in the fall of 1943, and they moved to a place where there was no range; that her mother bought a place in Tattnall County, moved there, and took the defendants' two cows and the dun-colored steer described in the trover suit with her; that in a few months her mother's health failed and the defendants had to move in with her and take care of her; that she and her mother both owned cattle and they were returned for taxes together; and that she (the witness) paid the taxes on them both before and after her mother's death. George Smith and Lee Barrow testified to the effect that Minnie Anderson, one of the defendants, bought a cow and heifer calf when she and her mother lived on the Smith farm in 1938. Virginia Burner, granddaughter of the plaintiff and niece of the defend-

440

ants, testified that she had lived with the plaintiff and the defendants and had helped look after the cattle on the place; that the steers involved in this suit were the property of her aunt, Minnie Anderson Reese; that there were other cows on the place, some of which belonged to her grandmother and some to Mrs. Reese; and that the plaintiff did not own any cattle on the place or anywhere else that she knew of.

It appears that the steers had been sold and disposed of by the defendants before the suit was filed. There was no evidence as to their value, and no election was made for a money verdict. The jury returned a verdict for the defendants, and the judgment entered thereon was for costs. The plaintiff's motion for a new trial was overruled, and the exception here is to that judgment.

■ The one special ground of the amended motion for a new trial complains that, after the jury had been deliberating and considering the case, they returned to the courtroom, and the foreman stated: "Judge, we are unable to make a verdict in this case. It is a question of fact. We do not believe that the plaintiff owns the cattle sued for; neither do we believe that the defendant owns them, and we do not want to give them to either one." The trial judge replied: "Gentlemen, your question is whether the plaintiff is entitled to a verdict in his favor. If you do not believe that he owned these cattle, you should find for the defendant. That would not necessarily mean that the defendant owned them, but it would be a denial of plaintiff's ownership and his right to recover. If you do not believe he is entitled to recover them, you should find a verdict for the defendant." The movant avers that said charge was erroneous, and that it was misleading and confusing, and was virtually a direction of a verdict in the case.

In order to recover in a trover action, it is essential for the plaintiff to show either title or the right of possession (*Underwood* v. *Underwood*, 43 *Ga. App.* 643 (6), 645, 159 S. E. 725; *Carter* v. *Hornsby*, 68 *Ga. App.* 424, 428, 23 S. E. 2d, 95); and where, as here, the plaintiff bases his trover suit on his claim of title to the property, the issue for determination is that of title (*Little* v. *Lawrence*, 56 *Ga. App.* 524 (1), 193 S. E. 181); and, in order for him to recover, he must do so on the strength of his

own title (*Jones* v. *McCowen,* 34 *Ga. App.* 801 (1), 131 S. E. 290), and of course, the burden is on him of showing his title. It will be seen from the above statement of the evidence that it was conflicting as to whether the steers involved belonged to the plaintiff, the defendants, or the estate of the deceased wife of the plaintiff, who was the mother of a defendant. It appears from the statement of the jury to the judge, when they returned to the courtroom after considering the case, that they had reached the conclusion that the property in question did not belong to the plaintiff or the defendants, and they wanted further instruction. The judge then told the jury: "If you do not believe that he [the plaintiff] owned these cattle, you should find for the defendant. That would not necessarily mean that the defendant owned them, but it would be a denial of plaintiff's ownership and his right to recover. If you do not believe he is entitled to recover them, you should find a verdict for the defendant." Under the evidence and the principles of law applicable to this case, the instruction or recharge of the court complained of was not error for any reason assigned.

■ The verdict was authorized by the evidence, and the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*