### 34899. POWELL v. RIDDICK.

DECIDED JANUARY 14, 1954.

*Harris & Gower,* for plaintiff in error.

*Sam G. Dettelbach,* contra.

SUTTON, C. J. To recover in a trover action, the plaintiff must first show either title or the right of possession (*Underwood* v. *Underwood,* 43 *Ga. App.* 643 (6), 645, 159 S. E. 725; *Carter* v. *Hornsby,* 68 *Ga. App.* 424, 428, 23 S. E. 2d 95) ; and where, as here, the plaintiff bases his trover suit on his claim of title to the property, the issue for determination is that of title (*Little* v. *Lawrence,* 56 *Ga. App.* 524 (1), 193 S. E. 181) ; and, in order for him to recover, he must do so on the strength of his own title (*Jones* v. *McCowen,* 34 *Ga. App.* 801 (1), 131 S. E. 290), and of course the burden of showing his title is on the plaintiff. *Anderson* v. *Reese,* 85 *Ga. App.* 437 (69 S. E. 2d 656).

The evidence showed conclusively that Powell, the plaintiff, had possession of the tires and tubes in question when he stored them with Otwell & Bramlett. Possession of property stands as prima facie evidence of title, until evidence to the contrary is introduced. *Haas & Howell* v. *Godby,* 33 *Ga. App.* 218 (3) (125 S. E. 897), and citations; *Southern Ry. Co.* v. *Campbell Coal Co.,* 41 *Ga. App.* 83, 87 (151 S. E. 661) ; *Camp* v. *Turner,* 19 *Ga. App.* 452 (91 S. E. 910) ; *Gate City Fire Ins. Co.* v. *Thornton,* 5 *Ga. App.* 585 (2) (63 S. E. 638) ; *Hinchcliffe* v. *Pinson,* 87 *Ga. App.* 526, 529 (74 S. E. 2d 497) ; *Gillespie* v. *Chastain,* 57

*Ga.* 218. Code § 105-1702 provides: "Mere possession of a chattel, though without title or wrongful, shall give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession."

Riddick, the defendant, testified that he had been in possession of the tires and tubes in dispute, some of which bore his mark, and that he had never sold them to anybody, although he had been holding some for sale to certain persons. Riddick was apparently testifying with reference to the time before Powell acquired possession of the tires. But this evidence was insufficient to show that Riddick was either the true owner of the tires or had been wrongfully deprived of their possession. The record is remarkably silent as to the circumstances under which Riddick parted with his possession of the tires. Furthermore, Riddick testified: "Prior to June, 1951, the brands of tires my company distributed were Lee, Dunlop, and McCrary," but there were Cooper, U. S., and Fisk tires among those taken by Riddick. If the possession of these tires was previously in Riddick, the title to the tires followed their possession, presumptively at least, and was shown to be in Powell at the time the city detectives seized the tires, without warrant or process so far as the record shows, and turned them over to Riddick.

The plaintiff—having made out his trover case by proof of his peaceable possession of the property sued for and the wrongful interference therewith by the defendant, who was neither shown to have been wrongfully deprived of the property nor to be the true owner thereof—was entitled to a verdict in his favor for the value of the property converted; and the verdict for the defendant was not authorized by the evidence.

The court erred in denying the motion for new trial.

*Judgment reversed. Felton and Quillian, JJ., concur.*