37574. HUDGINS & COMPANY, INC. *v.* OLDS.

DECIDED MAY 1, 1959.

*Bullock, Yancey & Mitchell, Harris Bullock, Kyle Yancey,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Thomas C. Shelton,* contra.

GARDNER, Presiding Judge. It is true that the testimony for the plaintiff established that the elevator and steam boiler were so affixed as to become a part of the realty, but the question now presents itself as to whether or not the plaintiff had title to such fixtures so as to allow him to maintain this action for the value of the elevator and steam boiler allegedly converted by the defendant, and to thus withstand a motion for a nonsuit. Although Code § 81-116 provides that a nonsuit will not be granted for a merely formal variance between the allegata and the probata, a plaintiff must nevertheless prove the case substantially as laid, and cannot recover upon another and different cause of action than that set forth in the petition. See *Copeland* v. *Geise,* 96 *Ga. App.* 503 (2) (100 S. E. 2d 736). The petition in the instant case alleged that the plaintiff "submitted a bid to wreck said building, which was accepted by the State and petitioner was authorized to wreck said building; and as a part of its agreement with the State, the petitioner was to receive all salvage, including the elevator and steam boiler." The petition alleges also "that said steam boiler and electric freight elevator belonged to the petitioner at the time they were removed or caused to be removed by the defendant Olds."

The proof showed that the plaintiff was a wrecking company which entered into an agreement with the State to clear the premises in question for highway purposes for the sum of $1,000. At the time the State acquired title to the premises the elevator and boiler were still attached and were thus a part of the realty. The plaintiff's contract with the State provided, as to such property, only the following: "It is the intent of the plans and special provisions that any material salvaged by the contractor from clearing the right-of-way under this contract shall become the property of the contractor." Clearly, nothing on the premises became the property of the plaintiff at the time the bid was accepted, because it had not yet been salvaged, nor could it become the plaintiff's material until salvaged *by the plaintiff*. This authority to demolish was received by the plaintiff on April 9, 1958. The record shows that the elevator and steam boiler had been removed from the premises by the defendant prior to that date. "Material salvaged" must refer to material removed from the State right-of-way, and, accordingly, must mean personalty as distinguished from realty. Code § 85-105 provides that "anything detached from the realty becomes personalty instantly upon being so detached." The boiler and elevator, upon being detached from the property, became personalty, but they were detached and removed before the plaintiff entered upon his duties of clearing the right-of-way and accordingly were not salvaged by him. The evidence of the plaintiff establishes that at the time this was done, title was in the State, and nothing in the plaintiff's evidence negatives, for example, the possibility that the State had sold or otherwise released the property in question to a third party prior to the plaintiff's authorization to proceed with the work. To maintain this action it was necessary for the plaintiff to prove that the boiler and elevator belonged to it at the time they were removed, which was prior to the time the plaintiff was authorized to enter and start clearing the land. See *Anderson v. Reese,* 85 *Ga. App.* 437 (69 S. E. 2d 656). At that time the plaintiff had no authorization to salvage any material whatever. Accordingly, the plaintiff failed to show any

title in himself sufficient to support the action, and the grant of the nonsuit was not error.

*Judgment affirmed.  Townsend and Carlisle, JJ., concur.*