38711. JACKSON et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED JUNE 5, 1961—REHEARING DENIED JUNE 16, 1961.

*Dunn & Smith, Wavelyn E. Smith, Guy R. Dunn, Scott Walters, Jr.,* for plaintiffs in error.

*A. Mims Wilkinson, Jr.,* contra.

JORDAN, Judge. To recover in a trover action, the plaintiff must first show either title or the right of possession (*Underwood v. Underwood,* 43 Ga. App. 643 (6), 645, 159 S. E. 725; *Carter v. Hornsby,* 68 Ga. App. 424, 428, 23 S. E. 2d 95); and where the plaintiff bases his trover suit on his claim of title to the property, the issue for determination is that of title (*Little v. Lawrence,* 56 Ga. App. 524 (1), 193 S. E. 181); and the burden

of proof of showing his title as against the defendant is on the plaintiff. *Anderson v. Reese,* 85 Ga. App. 437 (69 S. E. 2d 656); *Powell v. Riddick,* 89 Ga. App. 505 (80 S. E. 2d 70). Where, as in the instant case, the plaintiff's claim of title is based upon a conditional-sale contract which in order to be effective, as against a subsequent bona fide purchaser of the property, must be properly recorded in accordance with the provisions of Georgia law, the proof of said recordation in effect constitutes an element of title and the burden of proof is upon the plaintiff to show by direct, affirmative evidence that the instrument under which he claims title was recorded in the proper county so as to be effective against a subsequent bona fide purchaser of the property. *Bond v. Brewer,* 96 Ga. 443 (3), 445 (23 S. E. 421); *Pickard & Hogg v. Garrett,* 141 Ga. 831 (32 S. E. 251); *Williams Wagon Works v. Small & Sons,* 19 Ga. App. 600 (3), 604 (91 S. E. 920); *Ayares Small Loan Co. v. Maston,* 78 Ga. App. 628 (3) (51 S. E. 2d 699). The case of *Altman v. Crown Finance Co.,* 81 Ga. App. 117 (1) (58 S. E. 2d 196), relied upon by the plaintiff to sustain his contention that the burden of proof of showing that the contract was not properly recorded was upon the defendant, in so far as it conflicts with the decisions quoted above, is not controlling authority.

Where a contract of conditional sale is executed in another State and the property is brought into this State, the reservation of title in the seller is not effective as against one who in good faith has here acquired title to the property without actual notice of such reservation unless the contract was duly recorded as required by *Code Ann.* §§ 67-1403 and 67-108. Thus the controlling question presented by the exception to the denial of the defendant's motion for a judgment notwithstanding the verdict is whether or not the evidence adduced upon the trial of this case furnished any evidentiary basis for the jury's finding that the contract was recorded in the proper county of this State in accordance with the provisions of these Code sections.

*Code Ann.* § 67-1403 provides that the registration and record of conditional bills of sale shall be governed in all respects by the laws relating to mortgages on personal property. *Code* § 67-108 provides that mortgages on personalty shall be re-

corded in the county "where the mortgagor resided at the time of its execution, if a resident of this State, and if a nonresident, in the county where the mortgaged property is. If a mortgage shall be executed on personalty not within the limits of this State, and such property shall afterwards be brought within the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in."

Under this Code section, therefore, when property is purchased under a conditional-sale contract in another State by a nonresident of this State and the property is afterwards brought within this State, the assignee of the conditional vendor, in order to preserve his rights as against innocent purchasers for value and without notice, must, within six months after the property is brought in, record the conditional-sale contract in the county where the property is located on the date the instrument is filed for record if the property is in transit at the time of recording or in the county of its situs if it has come to rest in any permanent location, that is, the county of residence of the conditional vendee if he has become a resident of this State subsequent to the execution of the contract. *Evans Motors of Ga. v. Gump Finance Co.*, 80 Ga. App. 836 (57 S. E. 2d 506). If the conditional vendee is a resident of this State at the time the property is purchased in another state, then, of course, the contract must be recorded in this State in the county of his residence. *North v. Goebel*, 138 Ga. 739 (4) (76 S. E. 46).

The only evidence adduced upon the trial of this case with reference to the issue of the proper recording of the contract in Polk County, Georgia, on May 1, 1959, consisted of the testimony of Mr. William H. Aenchbacher, a former agent of the plaintiff. He testified that he recorded the contract in Polk County, Ga., on May, 1, 1959, at the request of the Gadsden, Ala., branch of the plaintiff corporation; that he contacted Duncan's mother at her home in Polk County on several occasions in the month of May, 1959; and that later he personally contacted Duncan, concerning his automobile, at his mother's home in Polk County in the month of May, 1959; and that Duncan said that he was living there. He also testified that he saw Duncan's wife and his automobile at his mother's home when he

contacted Duncan there. There was no direct, affirmative evidence, however, that the automobile was located in Polk County on May 1, 1959, the date the contract was recorded there.

The testimony of the plaintiff's agent, Aenchbacher, as to what Duncan had told him concerning the fact of his residence at his mother's home in Polk County was hearsay and without probative value. See *Fuller v. Fuller*, 213 Ga. 103, 104 (97 S. E. 2d 306). This statement was not in disparagement of Duncan's title or against his interest at the time made so as to be admissible in evidence against the defendants, his successors in title, as an exception to the hearsay rule under the purview of *Code* § 38-308 or § 38-407. See *Carter v. Buchannon*, 3 Ga. 513, 519.

Thus, the only competent evidence in the record as to the residence of the conditional vendee in Polk County, Ga., where the contract was recorded, consists of nothing more than the testimony of the plaintiff's agent that Duncan, his wife and his automobile were seen at his mother's home in the month of May, 1959. While the question of the vendee's residence at the time of the execution or recordation of the contract is one of fact, (*Bond v. Brewer*, supra), and is to be determined by the ordinary and obvious indicia of residence (*Alvaton Mercantile Co. v. Caldwell*, 34 Ga. App. 151 (6), 152, 128 S. E. 781), this evidence is wholly insufficient, as a matter of law, to authorize a jury to find that Duncan was a resident of Polk County, Ga., at the time the contract was recorded on May 1, 1959. See *General Motors Acceptance Corp. v. Williams*, 103 Ga. App. 109, 110 (118 S. E. 2d 708).

Accordingly, the plaintiff did not carry the burden of establishing that the instrument under which it claimed title had been properly recorded in compliance with *Code Ann.* §§ 67-1403 and 67-108; and it appearing without dispute that the defendants in trover had acquired the property in good faith and without actual knowledge of such reservation of title in the plaintiff, the trial court erred in denying the defendants' motion for a judgment notwithstanding the verdict. *Motors Mortgage Corp. v. Purchase-Money Note Co.*, 38 Ga. App. 222 (143 S. E. 459). It

follows, therefore, that it is unnecessary to consider the assignments of error on the denial of the defendants' motion for a new trial.

*Judgment reversed with direction that judgment be entered for the defendants in accordance with their motion for judgment notwithstanding the verdict. Townsend, P. J., Carlisle and Frankum, JJ., concur.*