## 40271. HUDGINS & COMPANY, INC. v. CHESTERFIELD LAUNDRY, INC.

DECIDED FEBRUARY 24, 1964—REHEARING DENIED MARCH 9, 1964.

*Carl T. Hudgins, Harris Bullock,* for plaintiff in error.

*Haas, Holland & Zinkow, Richard C. Freeman, Wm. Sinrich,* contra.

PANNELL, Judge. This case involves an action in trover by Chesterfield Laundry, Inc. against Hudgins & Company, Inc., in which a jury found for the plaintiff, and a cross action in trover by the defendant, in which the jury found against the defendant. No question is raised in the court below or in this court as to whether such a cross action was proper, and that question is not decided here. See *Code* § 107-102. It appears from the evidence that the City of Atlanta, on August 6, 1958, filed a condemnation proceeding for a portion of an interstate highway against various properties including three tracts described by metes and bounds and by street numbers belonging to Whitman's Laundry, Inc. Whitman's Laundry, Inc. filed an answer alleging in part as follows: "The physical plant to be taken includes the land, buildings specially adapted to laundry and dry cleaning work, fur and garment storage facilities, elaborate piping to provide hot and cold water and steam to the several machines, 2 large boilers, elaborate electrical connections including switches, control boxes and large quantities

of electrical cable needed to control and operate the laundry and dry cleaning equipment, the ceiling fans and the air conditioning system, together with storage rooms for material. Defendant shows that it will require a period of not less than ten months from the date when possession of its said laundry plant is taken by petitioner to replace its said laundry plants including the disconnecting and removal from the present plant of laundry equipment and facilities which can be economically preserved and installing the same in a new plant. No claim is being made herein for any equipment or facilities which can be economically moved and utilized by defendant in a new plant."

The special master, to whom the case was submitted by stipulation, awarded Whitman's Laundry, Inc., the sum of $376,830 and condemned the property as described in fee simple. The report also disclosed that the State Highway Department had agreed not to demand possession of the condemned premises prior to April 1, 1959, and that this fact was taken into consideration in determining the amount of the award. The judge of the superior court entered a decree in accordance with the award condemning the property as described in fee simple upon the payment of the award. The award was paid into court August 26, 1958, and thereafter both parties entered an appeal to a jury in the superior court. Pending this appeal, and on January 16, 1959, Whitman's Laundry, Inc., sold to the plaintiff, Chesterfield Laundry, Inc., a listed number of items of machinery, equipment and fixtures from the buildings involved in the condemnation, which instrument further provided that it included "any item of machinery, equipment or fixtures, even though not specifically listed" and then "being used by seller in the operation of its laundry plant, and any plumbing or electrical fixtures from seller's said plant which buyer may desire to salvage." On September 10, 1959, the City of Atlanta filed an amendment to its condemnation petition by adding the following paragraphs:

"13 Petitioner shows that after the filing of the present condemnation proceedings a stipulation was entered into between the parties whereby a hearing would be held before the Special Master, an award made, and judgment entered, said stipulation

providing further that notwithstanding such award, the defendant, Whitman's Laundry, should have until April 1, 1959, within which to vacate the premises.

"14 That thereupon during the month of August, 1958, the matter was heard before the Special Master, an award was made, a judgment of condemnation taken and the award was paid over to said defendant, Whitman's Laundry.

"15 That thereafter during January, 1959, prior to the stipulated time for vacation of the premises, Whitman's Laundry entered into a contract of sale whereby it conveyed all of the personal property, equipment, and machines located on said premises to the Chesterfield Laundry, said personal property and equipment being purchased by Chesterfield Laundry 'in place' and at the place where it was located at that time.

"16 By reason of the foregoing facts, and since Whitman's Laundry had divested itself of all interest in the machinery, personal property and equipment located on the premises, it conclusively appears that said defendant has been relieved of all duty and expense of removing the same and that any claim by the defendant for such expense has become moot and evidence thereof has become inadmissible."

Whitman's Laundry, Inc., demurred to the amendment on the grounds " (1) that it alleges matters occurring subsequent to the taking of the property by plaintiff, and the same irrelevant and not proper for consideration in determining the amount of the award; (2) Plaintiff seeks to allege matters of private contract between defendant and a third party which are of no concern to the determination of the issue in the case presented, to wit; the value of the property taken to condemnee at the time of the taking."

At a pre-trial conference on October 6, 1959, the court entered the following order:

"The within and foregoing case having come on for pre-trial hearing, and the issue there having been submitted to the court as to the admissibility of removal costs of personalty from the condemned realty, when in fact the same was not required to be moved, it having been sold in place; and counsel having further raised the issue by amendment and demurrer interposed thereto;

It is hereby considered, ordered and adjudged as follows: (1) The within and foregoing demurrer to plaintiff's amendment, objections thereto, and motion to strike be, and the same is, hereby sustained. (2) It appearing that the removal-cost factors are not sought to be recoverable as damages *per se,* but only as background and illustrative of value of plaintiff's property taken, and it further appearing that even replacement costs are admissible as factors in evaluation, it is decreed that said evidence shall be admissible for said purpose. It, therefore, appearing that the said evidence is to be admissible for illustrative evidence only, and not as an item for itself, it is ordered that any evidence as to subsequent sale of said personalty shall not be admissible."

On March 6, 1958, prior to the filing of the condemnation suit, the defendant entered into a subcontract with a general contractor for the wrecking and removal of the structures, which contract (as well as the contract of the main contractor) contained the following provisions: "Subcontractor is to have possession of all salvaged material" and "all material of salvage value obtained by the contractor from the wrecking and removal of these structures from the right of way shall become the property of the contractor."

The case is before this court on assignments of error complaining of the overruling of a motion for judgment notwithstanding the verdict made by the defendant as to plaintiff's trover action, and also on the overruling of the defendant's motion for new trial containing general and special grounds.

■ The defendant contends that the strict rule of the common law which obtains as between a grantor and grantee, that in the absence of any agreement between the parties to the contrary, all fixtures, whether actually or constructively annexed to the realty, pass by conveyance of the freehold, *Code* § 85-105, *Currin v. Milhollin,* 53 Ga. App. 270 (185 SE 380), applies to condemnation cases, and that the decree of the court based upon the report of the special master, containing no exceptions or reservations, all of the fixtures and equipment passed to the condemnor, and the condemnee, Whitman's Laundry, Inc., therefore had no title to convey to the plaintiff in the present

case. It appears, however, that even if we should assume such a rule is applicable in condemnation cases (for cases so holding, see Los Angeles v. Klinker, 219 Cal. 198, 25 P2d 826, 90 ALR 148; Des Moines Wet Wash Laundry v. Des Moines, 197 Iowa, 1082, 198 NW 486, 34 ALR 1517; St. Louis v. St. Louis, I. M. & S. R. Co., 266 Mo. 694, 182 SW 750, LRA 1916D, 713, AC 1918B, 881; Jackson v. State, 213 N. Y. 34, 106 NE 758, LRA 1915D, 492, AC 1916C, 779; State v. Miller (Tex. Civ. App.) 92 SW2d 1073), the answer of the condemnee in the present case discloses a reservation as to "any equipment or facilities which can be economically moved and utilized . . . in a new plant." While it is true this reservation is not in the decree or judgment of the court, a decree or judgment must be construed in connection with the pleadings, *Bentley v. Still,* 198 Ga. 743 (32 SE2d 814), even though in so construing the judgment the generality of the judgment may be modified, *Stanfield v. Downing & Co.,* 186 Ga. 568 (199 SE 113). It is our opinion that the judgment in the present case, in view of the answer of the condemnee, should be construed as condemning only the realty and equipment and facilities not economically removable for utilization in a new plant. The judgment or decree otherwise would mean that the condemnor is required to pay for property it could not use and did not want, and which the condemnee was unwilling for it to take. The evidence was very complete as to the location, method of attachment to the realty, and the ease or difficulty of removal, as to the various items involved. Under these circumstances it became a jury question as to whether or not any of the equipment and facilities involved here were included in the reservation contained in the pleadings, and as we have construed it, in the judgment and decree of the court. Further, even if the decree or judgment of "taking" included the fixtures and equipment in controversy, the jury was authorized to find that the condemnor, by its amendment on appeal, referring to the bill of sale from the condemnee to the plaintiff, recognized and ratified the act of the condemnee in selling the fixtures and equipment described in the bill of sale; and this conclusion is not affected by the fact that the value of the property taken was the only issue. It follows that the trial

court did not err in overruling the defendant's motion for a judgment notwithstanding the verdict in favor of the plaintiff on plaintiff's trover action against the defendant.

■ Irrespective of the above rulings on the plaintiff's trover action, the jury was authorized to find against the defendant on his cross action under the decision of this court in *Hudgins & Co. v. Olds,* 99 Ga. App. 475 (109 SE2d 77). In that case, the defendant in the present case was plaintiff, and brought a trover action against the former owner of some condemned property to recover an elevator and steam boiler. We quote from that case as follows (p. 478): "The proof showed that the plaintiff was a wrecking company which entered into an agreement with the State to clear the premises in question for highway purposes for the sum of $1,000. At the time the State acquired title to the premises the elevator and boiler were still attached and were thus a part of the realty. The plaintiff's contract with the State provided, as to such property, only the following: 'It is the intent of the plans and special provisions that any material salvaged by the contractor from clearing the right-of-way under this contract shall become the property of the contractor.' Clearly, nothing on the premises became the property of the plaintiff at the time the bid was accepted, because it had not yet been salvaged, nor could it become the plaintiff's material until salvaged *by the plaintiff.* This authority to demolish was received by the plaintiff on April 9, 1958. The record shows that the elevator and steam boiler had been removed from the premises by the defendant prior to that date. 'Material salvaged' must refer to material removed from the State right-of-way, and, accordingly, must mean personalty as distinguished from realty. *Code* § 85-105 provides that 'anything detached from the realty becomes personalty instantly upon being so detached.' The boiler and elevator, upon being detached from the property, became personalty, but they were detached and removed before the plaintiff entered upon his duties of clearing the right-of-way and accordingly were not salvaged by him. The evidence of the plaintiff establishes that at the time this was done, title was in the State, and nothing in the plaintiff's evidence negatives, for example, the possibility that the State had sold or otherwise

released the property in question to a third party prior to the plaintiff's authorization to proceed with the work. To maintain this action it was necessary for the plaintiff to prove that the boiler and elevator belonged to it at the time they were removed, which was prior to the time the plaintiff was authorized to enter and start clearing the land. See *Anderson v. Reese*, 85 Ga. App. 437 (69 SE2d 656). At that time the plaintiff had no authorization to salvage any material whatever. Accordingly, the plaintiff failed to show any title in himself sufficient to support the action, and the grant of the nonsuit was not error."

The jury in the present case was authorized to find that the items sued for in the cross action were removed by the plaintiff before the defendant was authorized to take possession for the purpose of demolition. Under these circumstances, we cannot say that a finding against the defendant's cross action was unauthorized. The general grounds of the motion for new trial are without merit.

■ Special ground 1 of the amended motion for a new trial complains of the refusal of the court to give the following request to charge: "Fixtures installed and adapted to the purpose for which a building is constructed, if not reserved to the grantor in writing at the time the building is sold, will pass with the conveyance of the land. As between grantor and grantee, all fixtures, trade or permanent, whether actually affixed to the building or constructively affixed, will pass with the conveyance, if not reserved in writing at the time of the conveyance. This principle would apply in a case where a building so equipped is upon real estate condemned in fee simple, without any reservation to the condemnee of such fixtures in the condemnation decree." This charge, even if correct as an abstract principle of law, was not adjusted to the evidence in the present case for the reason that there was a reservation to the condemnee in his answer filed in the condemnation proceeding.

The charge given by the court which is complained of in ground 2 of the amended motion for a new trial is in accordance with the principles ruled in *Hudgins & Co. v. Olds*, 99 Ga. App. 475, supra, and was not error for any reason assigned.

An official of the plaintiff corporation, while being cross ex-

amined as to when the laundry ceased operating was asked this question in various forms several times and was finally asked, "Well, which day is right? Did it cease operating in January or March?" To which the witness answered, "I'm about as old as Mr. Hudgins. This morning he couldn't remember any dates, and if I guess within two weeks I think that's a pretty good guess, but I'll say as much machinery as I moved out, the date he came in and forcibly, I'd say it was probably before that." Counsel objected to the witness' statement about Mr. Hudgins going in forcibly and the court replied, "Well, you goaded him into that. . . You asked him that same question about three or four times. He's answered three or four times. I don't blame him much. Overrule that objection." At this point, counsel moved the court for a mistrial on the ground that the court's remarks amounted to a commendation of the witness and was thus prejudicial to the defense.

In our opinion, the action of the trial court was not a commendation of the witness (in this connection, see *Potter v. State,* 117 Ga. 693 (1), 45 SE 37; *Alexander v. State,* 114 Ga. 266 (2), 40 SE 231; *Pound v. State,* 43 Ga. 88, 90 (7)), and that being the only ground urged at the time of making the motion for a mistrial and before verdict, no other ground can be considered by this court on appeal. See, in this connection, *Whitaker v. Creedon,* 99 Ga. App. 228 (2) (108 SE2d 335); *Whitehead v. State,* 101 Ga. App. 732 (115 SE2d 429); *Owens v. State,* 32 Ga. App. 417 (2) (123 SE 919).

It follows that the trial court did not err in refusing to declare a mistrial on the motion made, and in overruling the motion for new trial.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*