## STARNES *v.* ROBERTS.

"If personal chattels be .sold upon the express condition that they are to be paid for on delivery, and they are delivered upon the faith that the condition will be immediately performed, and performance is refused upon demand in a reasonable time, no title passes to the buyer. *Bergan* v. *Magnus*, 98 *Ga.* 514. Therefore, in such a transaction, trover

will lie to recover the goods or their equivalent in money." *Wilson* v. *Comer*, 125 *Ga.* 500.

Submitted April 18,—Decided July 13, 1907.

Trover. Before Judge Gober. Cherokee superior court. October 3, 1905.

Roberts brought his action against Starnes, to recover two marble monuments. The evidence showed, in brief, as follows: At one time the plaintiff, the defendant, and another were partners, and conducted business under the name of the Roberts Marble Company. Subsequently the plaintiff bought the interests of the other two, and conducted business in the same name. At a later date the defendant purchased from him the two monuments for which suit was brought. The written contract which was signed by the defendant stated that he made the purchase from the Roberts Marble Company. It provided that the purchase-price should be paid in cash; that the property should belong to the Roberts Marble Company until wholly paid for; and it could be taken possession of by the vendor. The plaintiff testified, "I delivered it [the property] to him with that understanding, that he pay for it in cash; as soon as he could drive there and set it up and come back, he would pay me for it. I delivered it to him with that understanding." When asked, "Isn't it true you agreed to deliver it to him for him to load on wagon and carry to Mrs. Stephens and deliver it?" He answered, "I supposed it was going there, from the contract. That was not the agreement between me and Starnes. I was not present when they were loaded on the wagon. We agreed to load the stuff for him." He was then asked, "And for him to take them over there to the original purchaser, Mrs. Stephens?" He answered, "There was no agreement about that." At another time he said, "I do not know it is true that at the time Mr. Starnes told me he would take the monuments and set them up and come back and pay me, that he was taking them to set up for Mrs. Stephens in Milton County." The defendant took the monuments but failed to pay for them or to return them on demand. He introduced no evidence. The presiding judge refused to grant a nonsuit or to direct a verdict for the defendant, but directed a verdict for the plaintiff.

*N. A. Morris* and *C. H. Griffin*, for plaintiff in error.
*G. I. Teasley* and *P. P. DuPre*, contra.

LUMPKIN, J. (After stating the facts.) The principles set out in the headnote and the authorities there cited control the case. The evidence did not show such a relinquishment or waiver of the plaintiff's right as against the defendant as to prevent a recovery. Had it been sought to recover the property from the person who purchased it from the defendant, a very different case would have been presented. Or if the evidence had shown that the plaintiff agreed for the defendant to sell the property before payment, this might have raised the question whether such sale would have been a conversion. The testimony, however, does not go to that extent.

Some authorities go further than we feel called on to go in this case. Thus in Dows *v.* Dennistoun, 28 Barb. 393, the Supreme Court of New York declared that "An understanding, arrangement, or custom that the possession of the goods shall be intrusted to the vendee for the purpose of enabling him to realize upon them, and thus provide the means for the payment of the price, can not be construed into an absolute transfer of the title to the property, as between the original parties to it, or persons having no greater equities than the original parties." See also, on the general subject, Harding *v.* Metz, 1 Tenn. Ch. 610; Adams *v.* O'Connor, 100 Mass. 515; Fleeman *v.* McKean, 25 Barb. 474; 24 Am. & Eng. Enc. Law (2d ed.), 1065.

The plaintiff in error insists that he was not in possession, custody, or control of the property when the suit was brought, and therefore there could be no recovery against him. This contention is unsound. If it were sustained, every defendant in a trover suit could defeat a recovery by showing that the conversion was complete before the action was brought. On the contrary, the conversion furnishes a basis for bringing the suit. Apparently the right of a person who has been incarcerated under bail process, and who is neither able to give security nor produce the property, upon showing to the presiding judge satisfactory reasons for the non-production, to be discharged from custody, has been confused with the idea of defending against the recovery of a verdict in the main suit. The Civil Code, §4608, which regulates such a proceeding for discharge, expressly declares that it shall not in any way affect the right of the plaintiff upon the trial of the question of property involved in the suit. If the property has been placed beyond the

reach of the plaintiff and defendant, and is in the hands of a third person from whom it can not be recovered, this may perhaps affect the right to claim a verdict for the property itself, but would not destroy the right to recover a money verdict.

*Judgment affirmed. All the Justices concur.*