## 1578.  PRATER *v.* PAINTER.

The undisputed testimony showing that the plaintiff in the action of trover had parted with his title prior to the institution of the suit and had not reacquired it, the verdict in his favor can not be sustained.

Trover, from city court of Dalton—Judge Longley. November 16, 1908.

Argued February 10,—Decided June 15, 1909.

*George G. Glenn, M. C. Tarver,* for plaintiff.
*William E. Mann,* for defendant.

POWELL, J. Painter sued Prater in trover for a horse. It appears that on the day before the suit was brought the plaintiff's uncle, who was his authorized agent, swapped the horse to one McGaha, taking another horse in exchange. When the trade had been consummated an execution against the plaintiff's uncle (the agent) was levied upon the horse in dispute while in McGaha's possession, and the latter immediately demanded back from the uncle the other horse, claiming that he had represented to him in the trade that there were no liens or incumbrances against the horse, and that the levy of the execution authorized him to rescind. The plaintiff's uncle explained to McGaha that while he

had traded the horse in his own name, it really belonged to the plaintiff, and that therefore the representation that it was free from incumbrances was in fact true and not fraudulent; consequently he and the plaintiff declined to allow the swap to be rescinded. McGaha brought suit against the plaintiff's agent for the recovery of the other horse, and this action seems to have been pending at the time the present suit was tried. (Ante, 54.)

We think it perfectly plain, from what has been stated above, that the plaintiff had no right to maintain this action. According to his own testimony, as well as that of his uncle, the latter had traded the horse by the authority of the former, and title to it had passed out of the plaintiff prior to the institution of the suit. Legal title in the plaintiff at the time of the institution of the suit is a sine qua non in an action of trover. Under the facts appearing in this record, McGaha might have maintained the action, but not the plaintiff. So, irrespective of all other questions made in the record, the judgment must be    *Reversed.*