### 14663. SIMS *v.* NELSON.

JENKINS, P. J. The plaintiff borrowed $200, and executed notes and mortgage for that amount. It appears from the evidence that the defendant was to receive from this amount $30 for negotiating the loan, to "cover all brokerage and expenses." Under part of the evidence, the defendant's relation to the borrower could be taken as merely that of agent or broker in obtaining the loan. Under the testimony of one of the witnesses, however, "he bought the notes in question from the defendant." The defendant himself testified that he "agreed to negotiate" the loan. Copies of the notes are not contained in the record, but the

mortgage shows that it was executed in blank, with no person named as mortgagee. Under such evidence, the defendant might thus be treated as the lender. The borrower actually received in cash $110 from the defendant at the time of the transaction, and accepted for the remainder of the proceeds of the loan a due-bill for $53 in lieu of cash. This due-bill being unpaid on demand, the plaintiff borrower tendered back to the defendant the $110 received in cash, and demanded the return of the notes and mortgage, which, however, had previously been discounted or sold to a third person. Plaintiff brought trover in the municipal court of Atlanta for the recovery of these papers. The trial judge entered a money judgment in her favor. The defendant, without a motion for new trial, brought the case directly by certiorari to the superior court, which overruled the certiorari. *Held:*

1. A party in the municipal court of Atlanta has the right to proceed directly by certiorari to the superior court from an adverse finding and judgment, without making in the municipal court a motion for a new trial, and to attack the finding and judgment as contrary to law, as being without any evidence to support it. *Johnston* v. *Brenau College,* 146 *Ga.* 182 (1, 2), 187 (91 S. E. 85); *Walker* v. *Cliff Drug Co.,* 23 *Ga. App.* 722 (3) (99 S. E. 393); *Dunlop Milling Co.* v. *Collier,* 19 *Ga. App.* 725, 727 (92 S. E. 296). Where the evidence is conflicting, such a petitioner for certiorari, who has made in the municipal court no motion for a new trial, cannot by direct certiorari attack the finding as merely contrary to the weight of the evidence. *Gresham* v. *Lee,* 152 *Ga.* 829 (4), 834-836 (111 S. E. 404). But where, as here, there is an assignment that the court erred "as a matter of law," because a finding for the defendant was demanded under the evidence, for the reasons stated, and this assignment is supported by the record, it is error to overrule the certiorari.

2. "The maker of a promissory note, delivered on condition precedent to the payee, may recover the note in trover from the payee, where there has been a breach of condition by the latter. The fact that the payee, in violation of the condition, has transferred the note to an innocent holder for value does not defeat the maker's cause of action. The unauthorized transfer, being a conversion, cannot be a defense to a suit in trover." *Thompson* v. *Carter,* 6 *Ga. App.* 604 (3) (65 S. E. 599). But where, as here (treating the defendant as the lender of the money), the borrower did not execute the notes and mortgage and deliver them to the lender on condition or in contemplation that the full amount of the loan should be contemporaneously paid over in cash, but where, on the contrary, it appears that the plaintiff borrower parted with the title and possession of the negotiable instruments in accordance with the effect of a written agreement whereby credit was expressly extended to the defendant for a portion of the proceeds of the loan, and that the defendant, while in such lawful possession, negotiated the instruments in due course of trade, an action of trover will not lie, for the reason that, in order to maintain such an action, title or the right of possession must be in the plaintiff at the time the suit is instituted, and a conversion by the defendant must be shown. *Hall* v. *Simmons,* 125 *Ga.* 801 (2) (54 S. E. 751); *Prater* v. *Painter,* 6 *Ga.*

*App.* 292 (64 S. E. 1003); *Groover* v. *Iler,* 1 *Ga. App.* 77 (57 S. E. 906); *Cox* v. *Fairbanks Co.,* 29 *Ga. App.* 538 (3) (116 S. E. 43).

(*a*) Nor would the rule be different were the defendant to be treated, under the evidence, as the agent or broker of the plaintiff borrower, as contended by the plaintiff, where it appears, not only that the defendant actually negotiated the instruments with the full authority of the plaintiff, but that upon his so doing the plaintiff accepted from the defendant agent or broker the full proceeds arising from the transaction, partly in cash and partly in the form of the defendant's due-bill.

(*b*) Under the undisputed evidence, in either aspect of the case, whether the defendant be treated as the agent or broker of the plaintiff or as the lender of the money, a verdict being demanded for the defendant, it was error not to sustain the certiorari.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923. REHEARING DENIED FEBRUARY 23, 1924.

Certiorari; from Fulton superior court—Judge Bell. April 3, 1923.

*W. I. Heyward,* for plaintiff in error.
*Roy Lewis,* contra.