36186. HOGG *v.* SIMMONS *et al.*

DECIDED JUNE 14, 1956.

A. C. Felton, III, for plaintiff in error.

H. Thad Crawley, contra.

NICHOLS, J. 1. Where a vendee under a conditional-sale contract places the property covered by the contract in the hands of a third party where it cannot be reached by the vendor in a trover action it will not prohibit the vendor from recovering a money judgment from the vendee in a trover action. *Thompson v. Carter*, 6 *Ga. App.* 604 (3) (65 S. E. 599); *Sims v. Nelson*, 31 *Ga. App.* 271 (2) (121 S. E. 863). "Where the vendee under a conditional sale wrongfully converts the property before discharging the purchase-money note reserving title thereto, by selling it under circumstances such as would protect an innocent purchaser, the legal title does not really pass out of the vendor by reason of the vendee's wrongful act, although he can not assert it as against the equity of the innocent purchaser." *Georgia Casualty Co. v. McRitchie*, 45 *Ga. App.* 697, 702 (166 S. E. 49).

The bill of sale to secure debt which the defendant sought to introduce in evidence would not have shown such title in a third party as would have defeated a recovery by the plaintiff. If the title to the property was in the plaintiff, then this transfer would have shown a conversion on the part of the defendant, and if the title was in the defendant prior to this transfer it would not aid his defense to show that he had sold what was rightfully his. Therefore, there is no merit in this special ground of the motion for new trial.

2. Inasmuch as the plaintiff in error neither argued nor insisted upon the general grounds of the motion for new trial they are treated as abandoned.

The trial court did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*