100 So.2d 67 (1958)
BOARD OF COMMISSIONERS OF STATE INSTITUTIONS, a constitutional governmental agency of the State of Florida, Petitioner,
v.
The TALLAHASSEE BANK AND TRUST COMPANY, as Administrator cum testamento annexo, Estate of John G. Riley, deceased, Winifred Lively Wesson, Caroline Lively Carraway, and Emily G. Lively, Trustees of The Church of God, a Florida corporation, Hyman Myers, and City of Tallahassee, a municipal corporation, Respondents.
No. A-210.
District Court of Appeal of Florida. First District.
January 2, 1958.
Rehearing Denied January 30, 1958.
*68 Richard W. Ervin, Atty. Gen., and Ralph McLane, Asst. Atty. Gen., for petitioner.
Caldwell, Parker & Foster, Tallahassee, for respondent Tallahassee State Bank, et al.
James C. Truett, Tallahassee, for trustees of Church of God.
STURGIS, Chief Judge.
Respondent landowners in a condemnation proceeding attempted by their answers to attack the validity of a zoning ordinance of the City of Tallahassee in relation to its prospective use as evidence bearing on value of the subject property. The trial court correctly held that the validity of the ordinance could not be raised by answer making a collateral attack thereon.
Pursuant to pre-trial conference, however, the court held that since the city was a party to the action,[1] and since the other interested parties were before the court, the question of the validity of the ordinance and its proper application should be determined as an incident to the condemnation proceeding, and observed that "this ruling would seem to be in harmony with the theories of the new rules of civil procedure." (Emphasis supplied.) On this predicate the respondents were allowed to file cross-claims "for declaratory relief in law adjudicating the operation, validity and application of the zoning ordinances of the City of Tallahassee to the property and the determination of the value of the property herein being acquired by the Petitioners." The order also required the respondent City of Tallahassee and the petitioner to answer the counterclaims, and that the issue so made be presented to the court for disposition. Petitioner seeks certiorari to review an order denying its motions to strike and dismiss the counterclaims.
It is evident that by in effect simply changing the name of the pleading from "answer" to "counterclaim" this procedure would indirectly permit the collateral attack to be made on the validity of the ordinance. However, the action of the trial court is prospective. No final judgment has been entered, nor has the result of the procedure, whatever it may be, been applied. While there may be some delay or inconvenience in the event the procedure is adhered to and after final judgment be found on an appeal to be irregular, it cannot now be presumed that it will result in any disadvantage to the petitioner. Certiorari must therefore be denied; but this result is not to be construed as approving the proposed procedure.
*69 The traditional procedure by which to test the validity of and secure relief against the immediate or prospective adverse effect of an allegedly invalid statute or ordinance is by suit in equity to enjoin the enforcement. Where the ends of justice require, equity will also enjoin the progress of a separate action at law or suit in equity until the attack upon the statute or ordinance is resolved. The statutory proceeding for declaratory judgments and decrees has also been recognized as a proper vehicle for this purpose. According to the great weight of authority, such actions must be by a direct suit for that purpose rather than by a collateral attack and proceeding as here involved, which indeed the trial judge recognizes as an innovation.
One of the primary reasons for the rule against collateral attacks is to insure due process of law, a constitutionally guaranteed precept of equal dignity to that of just compensation for property taken under the power of eminent domain. Thus, in this cause  in which, we repeat, the propriety of the proceeding is not being determined by this decision  it may ultimately be necessary to determine whether the city, being made party to a proceeding by process indicating that the suit only involves its interest in the property subject to condemnation, should by that process be bound in a collateral matter of the nature presented; or whether an attorney employed to represent such respondent is vested with authority to have service of process in such collateral matter made upon him to bind the city; or whether the court can force process in such collateral matter by the method here employed. The time and expense involved in prosecuting a separate action for the purpose of testing the validity of such ordinance seems little different from that necessary to be devoted to the subject by a collateral proceeding of the nature under discussion.
There is respectable authority to the effect that the proper interests of the respondents can and should be resolved by the jury in condemnation. While no hard and fast rule may be established to govern evidence determining market value, all factors should be considered which would reasonably be given weight in negotiations between a willing seller and willing buyer. This excludes consideration of purely speculative uses for which the property might be adaptable but is presently unavailable, but permits consideration of uses to which the property is reasonably adaptable and for which it is, or in reasonable probability would become, available within a reasonable time. Orgel on Valuation Under Eminent Domain, Volume 1, paragraph 30, p. 141. To warrant admission of testimony as to the value for purposes other than that to which the land is being put, or to which its use is limited by ordinance at the time of the taking, the landowner must first show: (1) that the property is adaptable to the other use, (2) that it is reasonably probable that it will be put to the other use within the immediate future, or within a reasonable time, (3) that the market value of the land has been enhanced by the other use for which it is adaptable.
It is said in Nichols on Eminent Domain, Second Edition, Volume 1, p. 166, § 219, "When however a particular use of property is prohibited or restricted by law, but there is a reasonable probability that the prohibition or restriction will be modified or removed in the near future, the effect of such probability upon the value of the property may be taken into consideration." To the same effect see City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 814; United States v. 3969.59 Acres of Land, D.C., 56 F. Supp. 831; Mississippi & Rum River Boom Co. v. Patterson, 98 U.S. 403, 25 L.Ed. 206.
The efficiency of the rule is apparent. It makes it unnecessary to resolve any question as to the validity of a zoning ordinance. It permits the trial court to admit evidence of the suitability and adaptability of property under condemnation for a purpose prohibited by the then existing zoning ordinance. It permits the jury to weigh the effect of the zoning restriction against the *70 prospective use, and to weigh the question as to whether there is a reasonable probability that the parcel will be rezoned within the reasonable future to make it available for a use enhancing its value over that of the use limited by the ordinance.
In presenting these matters to the jury, it would not seem necessary or pertinent to show that the incumbent officials having control of zoning would in fact do so or that in the past they have arbitrarily refused to do so. The abiding presumption is that public officials will fairly and properly perform their duties. The jury should, upon the facts presented, indulge that presumption, and on that basis determine whether the use provided by the ordinance or that insisted upon by the landowner should prevail as a guide for determining the value of the property taken.
Certiorari denied.
CARROLL, DONALD, J., and ROWE, R.H., Associate Judge, concur.
WIGGINTON, J., recused ex mero motu.
NOTES
[1] The only purpose for which the city was brought into the proceedings was to condemn any claims it might have in the subject property.