37650.  DOUGLAS MOTOR SALES, INC. *et al.*
*v.* CY OWENS, INC.

QUILLIAN, Judge. 1. Where, seeking to recover five described automobiles to which it claimed title, a named foreign corporation, on August 15, 1957, files its action of trover in the Superior Court of Floyd County against two domestic corporations, Douglas Motor Sales, Incorporated, and Peoples Automobile Loan & Finance Corporation and individually against two of the officers of such domestic corporations, Mr. Douglas Dennard, president of the sales corporation, and Mr. Charles M. McCoy, vice-president and manager of the finance corporation and vice-president of the sales corporation, alleging in its petition that the named defendants "in concert and collusion with each other, knowingly converted," the automobiles to their uses and refuse to deliver the automobiles to the plaintiff or pay it the profits thereof; and, where upon the trial of the case, it appears without contradiction that a duly authorized agent of Douglas Motor Sales, Incorporated, placed a written order for the purchase of the automobiles in question, which was accepted in writing by the plaintiff corporation, which, upon receiving the former corporation's check for the purchase price of the automobiles, delivered the automobiles to the former corporation; and, where it appears that the bank upon which the check was drawn by the duly authorized agent returned the check with the notation: "Returned by Bank of Dalton—payment stopped: titles must accompany check," and the president of Douglas Motor Sales, Incorporated, testified upon the trial of the trover case that payment was stopped on the check because "there were insufficient funds in there to pay the check," this evidence, without more, demanded a verdict for the plaintiff, and the trial court did not err in denying the defendants' motion for a judgment notwithstanding the verdict for the plaintiff.

2. "In trover the gist of the action is conversion, which is 'an unauthorized assumption and exercise of the right of ownership over personal property belonging to another in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.' *Southern Express Co.* v. *Sinclair*, 130 *Ga.* 372, 373 (60 S. E. 849) ; *Lucas* v. *Durrence*, 25 *Ga. App.* 264 (1) (103 S. E. 36)." *Wood* v. *Frank Graham Co.*, 91 *Ga. App.* 621, 622 (86 S. E. 2d 691).

3. "Unless credit is specifically agreed on or is the custom of the trade, the purchase money is due immediately, and the seller may demand payment before delivering the goods." Code § 96-106.

4. "Where goods are sold for cash to be paid on delivery, payment of the purchase price is a condition precedent to the sale; and where the purchase price is not paid, the title remains in the seller, notwithstanding the possession of the goods by the buyer. [Citing cases]. The fact that payment was to be made by check  .  .  .  does not alter the above rule." *Taylor* v. *Gill Equipment Co.*, 87 *Ga. App.* 309, 312 (73 S. E. 2d 755); *Starnes* v. *Roberts*, 128 *Ga.* 718 (58 S. E. 348). Consequently, under the foregoing rules, when payment was stopped on the check, after the defendants were in possession of the automobiles, as shown by the evidence, a conversion of the automobiles was established by the plaintiff and a prima facie case was made out by the plaintiff, which was not overcome or contradicted by the defendants. See in this connection *Buice* v. *Campbell*, 99 *Ga. App.* 334 (108 S. E. 2d 339).

5. Having not erred in its refusal to grant the motion for judgment notwithstanding the verdict, as a verdict was demanded for the plaintiff, the trial court did not err in denying the defendants' motion for new trial. For an understanding why McCoy and Peoples Loan & Finance Corporation are not parties to this judgment in this court, see *McCoy* v. *Cy Owens, Inc.*, 99 *Ga. App.* 615 (109 S. E. 2d 543).

*Judgments affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

DECIDED JULY 16, 1959.

*Robert L. Scoggin, James Maddox,* for plaintiffs in error.
*Covington, Kilpatrick & Storey, J. S. Kilpatrick,* contra.

FELTON, Chief Judge, concurring specially. I concur in the opinion and judgment. The evidence also authorized the finding that Douglas Motor Sales, Inc., and Douglas Dennard committed further acts constituting a conversion of the five automobiles by selling them, after having floor-planned them with Peoples Loan & Finance Corporation, to innocent purchasers,

which placed it beyond the power of Cy Owens to obtain possession of the automobiles. The automobiles were floor-planned and sold to innocent third parties while the legal title was in Cy Owens by reason of the nonpayment of the check for the purchase price. Code § 96-106; *Taylor* v. *Gill Equipment Co.,* 87 *Ga. App.* 309, 312 (73 S. E. 2d 755); *Hogg* v. *Simmons,* 94 *Ga. App.* 83 (1) (93 S. E. 2d 779).