38186. PEOPLES LOAN & FINANCE CORPORATION *et al. v.* CY OWENS.

DECIDED APRIL 28, 1960—ADHERED TO MAY 13, 1960.

656

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for plaintiffs in error.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick,* contra.

GARDNER, Presiding Judge. On the motion to quash (paragraph 1 of which is predicated on the addition of the word, "Inc." after the words, "Cy Owens"), the word "Inc." is alleged to have been added by amendment. We find that the record shows that the word "Inc." was in the original petition, which, although styled "Cy Owens, Inc. *v.* Peoples Automobile Loan & Finance Co. et al." recited in the first sentence: "The petition of Cy Owens of Cy Owens, Inc., a corporation organized and existing under the laws of the State of Michigan." The amendment of July 18, 1959 struck the words "of Cy Owens," contended to be a typographical error, and left the words "of Cy Owens, Inc., a corporation", etc. The process was styled "Cy Owens, Inc." and was served on the defendants on July 21 and 27 re-

spectively, of the same year. It is thus undisputed that the defendants were served in a case styled in the correct name of the corporate plaintiff. It cannot be said that a new party was added by amendment because no new matter was added by amendment. Whatever the words "of Cy Owens of Cy Owens, Inc." meant as originally written, the petition must be considered in the condition in which it appeared at the time of the service of process, under authority of *Crown Laundry* v. *Burch*, 205 *Ga.* 211 (53 S. E. 2d 116) where it is stated: "Attaching process to the amended petition is the legal equivalent of attaching process to a petition which in the first instance prayed for process." In that case the prayer for process was added by amendment before service of process. In the present case the introductory statement in the first sentence was amended to delete superfluous matter so that it would correspond to the caption, and the defendants were as a matter of fact served in the case of "Cy Owens, Inc.", this fact appearing on the process, and corresponding with the petition as amended prior to service of process. Therefore, the instant case should not be dismissed on the ground that the plaintiff sought to substitute a new party plaintiff. It is true that a new party plaintiff cannot, under any circumstances, be added by amendment. We see no good purpose to be served by citing the decisions on this point which appear in the brief of the defendants. The motion to quash is not meritorious on any ground assigned. It follows that the court did not err in overruling the motion to quash.

■ The defendant McCoy has filed a plea to the jurisdiction. We do not find anything meritorious in this plea because it is predicated on the same principle of law involved in the motion to quash, i.e., the allegation that there has been an attempt to add a new and distinct party by amendment, contrary to the provisions of Code § 81-1303. The trial court did not err in overruling this plea.

■ We find that there is no merit to the objections to the plaintiff's amendment to the effect that there was an attempt to add new and distinct parties defendant by amendment, and the court did not err in overruling this plea. See our reasons set out in division 1 hereinbefore.

■

■ We come next to determine the demurrers to the petition as amended. Paragraph 1 of the demurrer was properly overruled by the court for the reason that it alleges that an attempt was made to substitute a corporation plaintiff in lieu of an individual plaintiff. This question has been passed on hereinabove. Paragraph 2 of the demurrer alleges that paragraph 3 of the amendment to the petition is ambiguous in that it is insufficient to put the defendants on notice as to whether the plaintiff's action is based on a claim of title or a right of possession, and that the plaintiff should be required to make an election or strike the paragraph. That paragraph of the amended petition reads as follows: "That said defendant, Douglas W. Dennard, is president of the defendant corporation, Douglas Motor Sales, Inc., and defendant, Charles M. McCoy is vice-president of defendant Douglas Motor Sales, Inc., and is vice-president and manager of defendant Peoples Automobile Loan & Finance Corp. and that each of the defendants individually, and in concert and collusion with each other, knowingly converted said personal property to their uses, and refuses to deliver the above described property to your petitioner or to pay them the profits thereof." We cannot see that this paragraph of the petition is subject to the criticism directed to it, and the demurrer to this paragraph was properly overruled.

Paragraph 3 demurs to the same paragraph of the petition quoted immediately hereinabove by alleging that the phrasing "each of the defendants individually, and in concert in collusion with each other, have knowingly converted said personal property to their uses" as being a mere unsupported conclusion of the pleader. Paragraph 4 of the demurrer objects to the same phrase in the petition and alleges that the petition fails to allege how and by what acts these defendants converted said property. Paragraph 5 of the demurrer goes to the same phrase of the petition and alleges that the phrase is ambiguous, self-contradictory, and not sufficient to put these defendants on notice as to whether their liability is based on individual or collusive action. Paragraph 6 demurs to the same paragraph of the petition and particularly to the phrase reading: "and refuses to deliver . . . or to pay them the profits thereof" because it is alleged

that this paragraph fails to show when and where the defendants made such refusal and the name of the person who made demand on them.

It is our opinion that the trial court properly sustained demurrers numbered 3, 4, 5 and 6.

Paragraph 7 demurs to and moves to strike that part of paragraph 3 which reads as follows: "Charles N. McCoy is vice-president of defendant Douglas Motor Sales, Inc." because it is alleged that this is irrelevant and prejudicial and that it has no connection with the ultimate facts involved. The trial court overruled this demurrer and we think properly so because the other pleadings are clear and no one was harmed by this phraseology.

Under the record before us we find no reversible error in any of the rulings of the trial court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

## ON MOTION FOR REHEARING.

We have read the motion for rehearing carefully. In our original opinion we did not think it necessary to labor through the pleadings to the extent of pointing out, paragraph by paragraph, the motion to quash the process which referred to the amendment filed by the plaintiff on July 18, 1959. It would have been necessary to go into the amendment paragraph by paragraph.

Actually, according to our minds, the amendment contains, as pointed out, an objection to the alleged addition of the word, "Inc." in paragraph 1, and generally otherwise the motion to quash is predicated on the allegation that the process of July 20, 1959, is null and void. We have reread the opinion as it was written and we do believe that we have sufficiently covered each point to which objection is made and we have nothing to add at this point except to deny the motion for rehearing and adhere to our judgment of April 28, 1960.

*Motion for rehearing denied. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, Judge, concurring specially on rehearing. I concur with the judgment of affirmance, but not with what is said in the motion to rehear nor with the first sentence of the ma-

jority opinion. As I pointed out in the first instance, the amendment to the petition in question did not add the word "Inc." to the plaintiff's name, but deleted the superfluous words "of Cy Owens." And while I agree with counsel for the movant that a new party may conceivably be added by deletion as well as addition of material, I find that was not the case here for the reason that the petition *and process*, at the time they were *served upon* the defendant designated that defendant as "Cy Owens, Inc.," and it is my position that where the wording of the original petition is such as to suggest a typographical error, and that error is corrected *prior to* service of process, the petition in the form in which process and service are made will alone be considered in considering who are the parties to the case.

Counsel for movant correctly states that this court had not passed upon the first ground of the motion to quash process, based on the proposition that the trial court was without jurisdiction to entertain an amendment, and to attach process to the petition, while the case was pending in this court. An examination of the record shows that the remittitur of this court in the case of *McCoy* v. *Cy Owens, Inc.*, 99 *Ga. App.* 615 (109 S. E. 2d 543) was filed in the trial court on June 15, 1959, and the amendment was not filed there until July 21, 1959, so the contention is not true as a matter of fact. Another part of the case embodied in *Douglas Motor Sales, Inc.* v. *Cy Owens, Inc.*, 99 *Ga. App.* 890 (109 S. E. 2d 874) was also on appeal and that remittitur was filed in the trial court on August 5, 1959, but the judgment there involved simply affirmed the case as to other defendants and did not affect these defendants. The decision in *Kiser* v. *Kiser*, 214 *Ga.* 849 (108 S. E. 2d 265) as this court understands it does not mean that an amendment cannot be filed in the trial court under any circumstances if there is an appeal as to any feature of the case pending in this court or the Supreme Court. What it means is that if all of the case is so pending, as where a single defendant appeals after verdict and judgment, then there is no part of the case left pending in the trial court as to which an amendment to pleadings would be operative. Such a situation is not here involved.