41203.   CHARLES S. MARTIN DISTRIBUTING COMPANY, INC. v. BANKS.

SUBMITTED MARCH 1, 1965—DECIDED APRIL 6, 1965.

*Charles L. Henry, A. R. Nieman,* for plaintiff in error.
*Lewis & Javetz, Emanuel Lewis,* contra.

JORDAN, Judge. ■ In a suit in trover, the denial of any paragraph alleging facts essential to the plaintiff's recovery forms a valid, issuable defense; hence an answer containing such denial is not subject to general demurrer. *Thompson v. Reese,* 105 Ga. App. 826, 827 (125 SE2d 726). The defendant in his answer denied each paragraph of the plaintiff's petition and the trial court did not err in overruling plaintiff's motion to strike in the nature of a general demurrer.

■ To recover in a trover action, the plaintiff must first show that he had legal title to or the right of possession of the property in dispute at the time of the institution of the suit, *Bush v. Smith,* 77 Ga. App. 329, 330 (48 SE2d 582), *Hinchcliffe v. Pinson,* 87 Ga. App. 526, 527 (74 SE2d 497), *Jackson v. G.M.A.C.,* 103 Ga. App. 865 (120 SE2d 810); and where legal title and right of claim to the property has passed out of the plaintiff before the suit is filed, there can be no recovery by him. *Hall v. Simmons,* 125 Ga. 801 (2) (54 SE 751); *Prater v. Painter,* 6 Ga. App. 292 (64 SE 1003); *Sims v. Nelson,* 31 Ga. App. 271, 272 (2) (121 SE 863); *Georgia Cas. Co. v. McRitchie,* 45 Ga. App. 697, 702 (166 SE 49).

Accordingly, where as here, the undisputed evidence disclosed that legal title and right of claim to the scheduled property had passed out of the plaintiff-wholesaler and into the purchasers

at retail from the defendant by operation of law prior to the filing of this suit (*Code Ann.* § 109A-2—403 (2) : "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business"), an action in trover was not an appropriate remedy by which the plaintiff could recover the unpaid balance owed by the defendant under the terms of the "floor plan" agreement, *Sims v. Nelson,* 31 Ga. App. 271, 272 (2), supra; and the trial court did not err in so ruling, as contended in the motion for new trial.

The case of *Hogg v. Simmons,* 94 Ga. App. 83 (93 SE2d 779), cited and relied upon by the plaintiff as authority for its right to sue the defendant in trover, involved the wrongful disposal of property by a conditional vendee under circumstances which did not divest the vendor of his legal title in which event an action in trover against the vendee was appropriate, and the principles of law applied in that case are not applicable here. See, in this connection, *Georgia Cas. Co. v. McRitchie,* 45 Ga. App. 697, 702, supra.

The case of *National City Bank of Rome v. Adams,* 30 Ga. App. 219 (117 SE 285), also relied upon by the plaintiff, holds that the plaintiff's right to an accounting in a situation such as this is against the defendant retailer to whom he has entrusted his goods for sale and not against those who purchased the goods; but it is not authority for the contention that trover is an available remedy by which the plaintiff may pursue his claim against the defendant.

The trial court did not err in entering judgment for the defendant and in denying the plaintiff's motion for new trial.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*