PER CURIAM.
The defendant-appellant appeals from a final judgment entered pursuant to a jury verdict in favor of the plaintiff-appellee for personal injuries sustained while the plaintiff was a paying customer at the defendant’s amusement facilities.
The appellant’s principal contention is that the trial court should have directed a verdict in its favor as the evidence was insufficient upon which a jury could find the defendant guilty of negligence and that the plaintiff was, as a matter of law, con-tributorily negligent and had assumed the risk.
The record convinces us that there was sufficient evidence and proper inferences to withstand the thrust of a motion for a directed verdict. We have previously set forth the rules governing directed verdicts in Macrellis v. George, Fla.App. 1967, 202 So.2d 107; Ramsey v. Ivey, Fla.App.1966, 184 So.2d 499.
Regarding the issue of the defendant’s negligence, we believe that a jury *17 question was created by the evidence on the issue of the sufficiency of the defendant’s warning. While failure to warn was not specifically charged in plaintiff’s complaint as an act of negligence on defendant’s part, the issue was tried by the implied if not express consent of the parties and, therefore, presented a basis for liability, F.R.C.P. 1.190(b) (formerly Rule 1.15(b)), 30 F.S.A.
The remaining points raised on appeal have been considered and determined to be without merit.
Affirmed.
CROSS and REED, JJ., and HEWITT, ROBERT S., Associate Judge, concur.