PER CURIAM.
This is an appeal from a final judgment rendered by the Circuit Court for Orange County, Florida, against Joel C. Strickland, Jr., the appellant here and one of the defendants below.
The issue presented to this court is whether or not the trial court erred in allowing the plaintiff at the close of its case in chief to amend its complaint where such amendment changed the legal theory upon which plaintiff sought to recover from fraudulent misrepresentation by all the defendants to conversion by the defendant Joel C. Strickland, Jr. (Compare Douglas Motor Sales, Inc. v. Cy Owens, Inc., 1959, 99 Ga.App. 890, 109 S.E.2d 874.)
Under Rule 1.190(b), F.R.C.P., 30 F.S.A., trial courts have the authority to permit amendments to pleadings at any time in order to cause them to conform to the evidence by raising issues which have been tried by the express or implied consent of the parties, even though such amendments might change the legal theory on which relief is sought. See 25 Fla.Jur., Pleadings § 110 (1959); 3 Moore’s Federal Practice 2d, § 15.13 [1 and 2] 1968; Titusville Enterprises, Inc. v. Newkirk, Fla.App.1967, 205 So.2d 16; Atlantic Coast Line Railroad Company v. Bracewell, Fla.App.1959, 110 So.2d 482, and Hart Properties, Inc. v. Slack, Fla.App.1962, 145 So.2d 285 (reversed on different grounds, Fla.1963, 159 So.2d 236). There is a line of cases which held that amendments to the pleadings would not be permitted if they changed the legal theory upon which the action was initially based. See Warfield v. Drawdy, Fla.1949, 41 So.2d 877; McCullough v. McCullough, 1945, 156 Fla. 321, 23 So.2d 139; Gables Racing Ass’n v. Perslcy, 1939, 131 Fla. 842, 180 So. 24. These cases, however, preceded the 1954 Florida Rules of Civil Procedure and have been supplanted by those rules and the amendments thereto.
The trial court has a broad discretion in allowing such amendments under Rule 1.-190(b), and will be reversed on appeal only upon a demonstration that its action was an abuse of discretion. McSwiggan v. Edson, Fla.1966, 186 So.2d 13, 15. In the present case no showing of an abuse of discretion has been made. At the time the plaintiff requested leave to amend its complaint to conform to the evidence, the trial judge offered the appellant an opportunity for a continuance to make such further study and preparation as he might require to meet the amendment, but appellant declined to move for a continuance and indicated his readiness to proceed. We, therefore, conclude that the appellant was not disadvantaged by the trial court’s action. Compare Hart Properties, Inc. v. Slack, supra.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
REED and OWEN, JJ., and McCAIN, DAVID L., Associate Judge, concur.