PER CURIAM.
These several appeals were taken from judgments entered in an automobile accident case. The action was filed by Eileen Lennecker for damages for personal injuries received when she was struck by an automobile in the parking lot of a restaurant to which she had driven, parked her car in the restaurant’s parking lot, and was proceeding to enter the restaurant, walking in an aisle between rows of parked cars in the parking lot.
The place where the plaintiff was injured was an area of the restaurant’s parking lot which was used for valet parking. That area was not roped off or otherwise so marked or designated. While in the process of the valet parking of an automobile owned by Morris Grossman, an invitee, the parking attendant Kaplan made a quick left turn into the lane in which the plaintiff was walking, and struck the plaintiff. The restaurant owner-occupier of the premises was Todkan, Inc. By arrangement with Todkan, Kaplan handled the parking, compensated only by tips.
The plaintiff’s action was against the car owner Grossman and his insurer, Kaplan and Todkan, Inc., and its insurer. The defendant Grossman died during the pen-dency of the cause, and the executrix of his estate was substituted. Presented initially by the pleadings were issues as to negligence of the defendant driver Kaplan, with claim of vicarious liability resulting therefrom to Grossman as the owner of the automobile (and his insurer) and Tod- *740 kan as the employer of the defendant driver; and an issue of contributory negligence as to the plaintiff.
The trial court, holding Grossman was nqt liable for the alleged negligence of the parking attendant Kaplan in parking his automobile, granted summary judgment in favor of the executrix of the Grossman estate and Grossman’s insurer, Phoenix of Hartford Insurance Company. Later the court vacated the summary judgment to the extent that it had been granted in favor of said insurer. Several cross-claims were filed. By stipulation of the parties only the main case was tried before the jury, and the cross-claims were decided thereafter by the court.
At the trial it was shown the parking lot was not well lighted; that the portion used for valet parking was not roped off or otherwise so marked; that the plaintiff was unaware that she was in a valet parking area where she might encounter cars being so parked, and that the parking attendant did not anticipate encountering customers walking in that area.
By the charges given, the case was submitted to the jury on plaintiff’s claim against Kaplan for proximately causing her injuries by negligence in driving the Grossman automobile, and against Todkan on whether it had breached the duty owed to an invitee to maintain the premises in a reasonably safe condition. The jury found the defendant Kaplan not guilty, and returned a verdict for the plaintiff against Todkan for $50,000 damages. The court granted a motion of the plaintiff to amend to conform to the evidence relating to the condition of the premises, as bearing on the question of liability of Todkan. The court denied post verdict motions of Tod-kan to enter judgment in its.favor and for new trial. Judgment was entered on the verdict. A separate judgment was entered on the several cross-claims.
The appellant Todkan, Inc., appealing from the judgment entered against it on the verdict in favor of the plaintiff (appeal No. 73-653) contends it was error to permit the plaintiff to amend to conform to the evidence, and to charge the jury on the duty of the occupier of the premises with regard to the plaintiff as an invitee thereon. We hold that appeal is without merit. Rule 1.190(b) FRCP, 30 F.S.A., provides that issues not raised by the pleadings, when tried by express or implied consent of the parties, shall be treated as if raised in the pleadings, and that amendment of the pleadings necessary to cause them to conform to the evidence may be made in such circumstance on motion of any party or at any time, even after judgment, if the issue involved was covered by the evidence at trial, and the evidence thereon was sufficient to support the jury’s verdict. See Titusville Enterprises, Inc. v. Newkirk, Fla.App.1967, 205 So.2d 16. On the evidence presented the above rule was applicable, and the amendment and jury charge relating to the duty of the owner of the premises to the invitee were proper.
Todkan and Kaplan cross-claimed against Grossman’s insurer, Phoenix, contending they were insureds under the Phoenix policy, and claiming damages for refusal of Phoenix to undertake their defense of the cause. Their cross-claim was denied and they appealed. We hold that appeal is without merit. The effect of the summary judgment granted in favor of Grossman was that Grossman would not be liable for damage caused by any negligent action of the parking attendant in driving Grossman’s car for the purpose of parking it. In that circumstance the trial court correctly concluded that coverage under the policy did not extend to Kaplan or to his employer Todkan.
The cross-claim on behalf of the executrix of the Grossman estate, against Kap-lan and Todkan, which was for judgment over against them in the event of judgment should be entered against the Grossman estate and its insurer for negligence of Kap-lan in parking the Grossman automobile, *741 was properly denied since no such judgment was entered against the Grossman executrix or its insurer. We hold no reason in law has been shown to disturb the cost judgment entered by the court.
No reversible error having been demonstrated, the judgments appealed from are affirmed.