HENDRY, Judge.
This is an appeal by the plaintiff below from an adverse summary judgment which he suffered after the trial court granted the defendant’s motion for a directed verdict.
The appellant, Ed Trent, was a commissioned advertising salesman for Channel 10 television station in Miafni for approximately nine years when his employment relationship with the station was terminated on April 13, 1973.
The defendant, Post-Newsweek Stations, Florida, Inc. acquired ownership of the station on or about October 29, 1969, and after that date it was Trent’s employer.
Trent filed this lawsuit on November 16, 1973 seeking recovery of $8,556.42 which he claimed as commissions owed to him by the defendant for accounts which he had secured.
In its answer to the complaint, the defendant denied that Trent had any vested rights to a six per cent commission which he claimed for the advertising contracts he allegedly had procured.
Further, the defendant denied that Trent had any “general right to procure advertising for the defendant.” It was the defendant’s contention that the plaintiff’s rights were solely for commissions due to him for “servicing” accounts which the station assigned to him.
In another pre-trial document, the defendant filed an affidavit in support of its motion for a summary judgment prepared by Lew Freifeld, Channel 10’s general sales manager, who subsequently testified *633 as an adverse witness to the plaintiff at trial.
In the affidavit, Freifeld made reference to the fact that Trent upon termination had received “very generous” severance payments. In addition, he stated, as he did subsequently at trial, that under Trent’s theory he would be entitled to commissions totalling only $4,193.00.
Before further considering the merits of this appeal, we pause here to reflect upon a procedural matter raised by the appellant.
At trial, just prior to the opening statements in the case, the appellant moved the trial court to preclude the defendant from presenting any evidence concerning severance and vacation pay given to the appellant upon his termination.
Appellant’s position was that this constituted an affirmative defense of accord and satisfaction which was not raised as an affirmative defense in the answer, and therefore was waived. See, RCP 1.140(h).
Appellant’s argument to the trial judge was that the issue could only be tried by express or implied consent [See, RCP 1.-190(b)] and since it was objecting, the defendant could not be permitted to introduce any evidence on the issue of severance pay.
However, the trial judge stated most emphatically that the issues surrounding Trent’s severance pay, which as will be seen were most material to the surrounding circumstances of the oral contract between the parties, were matters which both parties had known about for some time and which the court itself knew about at least as early as the motion for summary judgment filed by the defendant.
It was the court’s interpretation that subsection (e) of Rule 1.190, rather than (b), was applicable to the facts and circumstances of this case, and therefore an amendment should be allowed in the interests of justice. Accordingly, the court permitted the amendment, providing that the severance pay given to Trent could - be pleaded as a set-off.
We think the ruling of the court was eminently fair and proper. Moreover, a trial judge is permitted to grant amendments in furtherance of justice within the orbit of sound discretion. E. g., McSwiggan v. Edson, Fla.1966, 186 So.2d 13; Strickland v. St. Petersburg Auto Auction, Inc., Fla. App.1971, 243 So.2d 603.
Returning now to the merits of this case, the evidence at trial showed that Trent received $5,000 as severance pay from the defendant, and additionally $1,050 as vacation pay which he claimed.
In addition, he claimed commissions for April, the month he was discharged, and for May because the appellant claimed he had performed all services which were necessary in connection with certain advertising accounts he had solicited.
Trent testified that severance pay is a common practice in the news media advertising industry, based usually on a formula of one week’s pay for each year of employment. He admitted there was no formal contractual arrangement for severance pay, however.
Freifeld in his testimony stated that a television advertising salesman at Channel 10 does not have the right to solicit advertising from anyone who might care to advertise, but that he is assigned advertising accounts to service by the station.
Further, Freifeld testified that “sales in television is a lot different than other sales in the sense that a great deal of servicing of accounts, meaning possibly writing copy for an account, changing slides, changing film, going back make-goods, preemptions, trying to — even after an order is in the house for an account and try to get some more money from this account, so it’s a constant updating of information and servicing.”
At the conclusion of the evidence, the defendant moved for a directed verdict *634 arguing that even if Trent were entitled to his commissions, he was more than fully compensated by his severance and vacation pay.
The court granted the motion, finding in addition that there was no contract between the parties that in the event of termination, a salesman would be compensated for any future monies accruing subsequent to termination.
We hold that the court’s ruling is amply supported by the record of the plaintiff’s case. We would point out that in a case of this nature where a salesman claims commissions for a period of time subsequent to his termination, the best guide for the courts to follow in interpreting the contractual obligation of the parties is the usages of the particular business involved in any given case. See, 9 Williston on Contracts, Third Edition § 1017C, page 182.
Therefore, for the reasons stated herein-above, the judgment appealed is affirmed.
Affirmed.