PER CURIAM.
Gulfstar, Inc., and others (appellants) appeal a final judgment entered upon a jury verdict assessing damages of $257,323.54 for breach of a contract of guaranty.
Gulfstar is a boat manufacturer that was selling boats to Underwood Marine. Borg-Warner loaned Underwood money to pay Gulfstar, who guaranteed the repayments by Underwood to Borg-Warner. Five boats were sold by Underwood “out-of-trust”[1], *455 who received the proceeds from the sales and did not pay Borg-Warner. Borg-Warner sued Gulfstar on its guaranty for these amounts.
The financing agreement contained specific previsions regarding repayment. The principal amount was due ninety days after sale or from the date of the loan, whichever was earlier. Upon a payment of 10% each time, it could twice be extended for sixty-day periods. Borg-Warner did not require compliance with these provisions but, instead, relaxed the repayment requirements. Borg-Warner contended that Gulfstar was aware of the alternatives and consented by failing to object and continuing to perform.
Borg-Warner also filed a claim for conspiracy, upon which the trial court directed a verdict for Gulfstar. After the close of the evidence, the trial court permitted Borg-Warner to amend its complaint to allege an affirmative defense of waiver, i. e., that Gulfstar waived its right to have Borg-Warner perform according to the contract. The evidence adduced in support of the conspiracy claim was utilized in support of the waiver claim (to show Gulfstar’s knowledge of the change in collection). On special verdicts, the jury found for Gulfstar on the complaint, since Borg-Warner did not require strict compliance with the contract, but found Gulfstar had waived objection to this non-performance.
The appellants contend the trial court abused its discretion in permitting the amendment to the complaint, because the issue was not tried by consent and Gulfstar had no opportunity to defend against the claim of waiver. They also contend the trial court incorrectly entered final judgment, because there was no substantial competent evidence to support the finding of waiver.
We affirm. First, the trial court did not abuse its discretion in permitting Borg-Warner to amend the complaint, because one of the issues tried was that “ * * * Gulfstar knew of and accepted the modifications extended to Underwood by giving them more time”. Gulfstar did not suggest actual prejudice nor request a continuance after the amendment was permitted. Raggs v. Gouse, 156 So.2d 882 (Fla. 2d DCA 1963); McSwiggan v. Edson, 186 So.2d 13 (Fla.1966); Strickland v. St. Petersburg Auto Auction, Inc., 243 So.2d 603 (Fla. 4th DCA 1971); Fla.R.Civ.P. 1.190(b). Secondly, the trial court correctly entered final judgment because there was substantial competent evidence to support the jury’s finding that Gulfstar waived objection to Borg-Warner’s failure to require strict performance of the contract, because Gulfstar knew of the readjustment in repayment terms. Davis v. Evans, 132 So.2d 476 (Fla. 1st DCA 1961); Richards v. Dodge, 150 So.2d 477 (Fla. 2d DCA 1963).
Therefore, the final judgment under review be and the same is hereby affirmed.
Affirmed.

. Meaning Underwood sold vessels that were financed under the agreement, called a floor plan agreement.