363 So.2d 360 (1978)
The CITY OF MIAMI BEACH, Appellant,
v.
Amelia King BUCKLEY et al., Appellees.
No. 76-1911.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied November 3, 1978.
*361 Joseph A. Wanick, City Atty., Reichenthal & Weinstein, Miami, and Lee H. Schillinger, Coral Gables, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and George B. Foss, Jr., Carr & Emory, W. Frank Esslinger, Miami, for appellees.
Before HAVERFIELD, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
The petitioner City of Miami Beach appeals a final judgment entered upon a jury verdict in favor of the defendant landowners herein in a condemnation action. The city urges that the trial court erred in its instructions to the jury. The record affirmatively shows that the city did not object to the jury instructions in the trial court, and, accordingly, we cannot consider the city's assignments of errors related to the giving of such instructions. Starkey v. Chew, 241 So.2d 870 (Fla.3rd DCA 1970); City of Miami Beach v. Belle Isle Apartment Corp., 177 So.2d 884 (Fla.3d DCA 1965). The city also urges as error certain trial court rulings concerning the introduction of evidence upon the issue of the probability of rezoning the condemned parcels of land as a factor in determining the valuation of the said land. We find no error in these rulings. Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., 100 So.2d 67 (Fla.1st DCA 1958), cert. den. 116 So.2d 762 (Fla. 1959); Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., 108 So.2d 74 (Fla.1st DCA 1958); Swift & Co. v. Housing Authority of Plant City, 106 So.2d 616 (Fla.2d DCA 1958). The city finally urges that the trial court erred in allowing the defendants to amend their pleadings to allege a probability of rezoning as a factor to be considered in the valuation of the condemned land. We find no error as the ruling was well within the trial court's discretion. Dixie Farms, Inc. v. Timmons, 323 So.2d 637 (Fla.3d DCA 1975); Trent v. Channel 10 WPLG-TV, Post-Newsweek Stations, Fla., Inc., 309 So.2d 631 (Fla.3d DCA 1975); Strickland v. St. Petersburg Auto Auction, Inc., 243 So.2d 603 (Fla.4th DCA 1971); Fla.R.Civ.P. 1.190(e).
HAVERFIELD, Chief Judge, dissenting.
I find merit in the City's contention that the trial court erred in permitting the landowners to introduce evidence as to the probability of the condemned parcels of land being rezoned from single family residential to high density multiple family so that the jury was allowed to consider this factor in determining the valuation of these parcels.
When property is taken by eminent domain, the compensation to be awarded the owner is its fair market value at the time of the taking. See Yoder v. Sarasota County, 81 So.2d 219 (Fla. 1955); State Road Department v. Chicone, 158 So.2d 753 (Fla. 1963) and Section 73.071, Florida Statutes (1977). This value, as a measure of compensation, should be based on the highest and best use to which the property is being or might reasonably be put. State Road Department v. Chicone, supra. If, therefore, there is a reasonable probability that the existing zoning may be changed or an exception may be made thereto, the effect of the probability of the change upon the value of the property may be taken into consideration by the jury. Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Company, 108 So.2d 74 (Fla.1st DCA 1958), cert. quashed, 116 So.2d 762 (Fla. 1959). Nevertheless, value must not be based upon purely speculative uses and it is improper to speculate on what property would be worth with speculative improvements at some unannounced future date. Yoder v. Sarasota County, 81 So.2d 219 (Fla. 1955), supra.
To warrant admission of testimony as to the value of land under condemnation for a purpose prohibited by the then existing zoning ordinance, the burden is upon the landowner to first demonstrate, inter alia, that *362 there is a reasonable probability that the property will be rezoned in the immediate or near future. See Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Company, 100 So.2d 67 (Fla.1st DCA 1958), cert. denied, 101 So.2d 817 (Fla. 1958). Further, whether there is sufficient evidence of the reasonable probability of rezoning to warrant submitting the issue to the jury is in the first instance a question for the court. See Annot., 9 A.L.R.3d 291, 324 (1966) and cf. Swift & Company v. Housing Authority of Plant City, 106 So.2d 616 (Fla.2d DCA 1958).
Reviewing the record in light of the above principles of law, I initially note that the trial court failed to hear the testimony and review the evidence in limine and in the first instance make a determination as to whether there was sufficient evidence as to the reasonable probability of rezoning to warrant submission of the issue to the jury. More important, I find that there is no reasonable probability of rezoning in the near or immediate future. This finding is based upon previous unsuccessful attempts to have the subject or neighboring parcels rezoned to high rise multi-family residential and this court's holding in Langston v. City of Miami Beach,[1] 242 So.2d 481 (Fla.3d DCA 1971) that "there was no probability shown that this property would be rezoned to permit a higher economic use." See also Smith v. City of Miami Beach, 213 So.2d 281 (Fla.3d DCA 1968), cert. discharged, 220 So.2d 624 (Fla. 1969). Also, unlike the case of Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Company, 108 So.2d 74 (Fla.1st DCA 1958), supra, there is no finding of "bad faith" or "conspiracy" on the part of the City.
For the above reasons, I would reverse the judgments herein appealed and remand the causes for a new trial.
NOTES
[1] This case involved the condemnation of neighboring parcels of land.