COBB, Judge.
The issue on this appeal is whether the trial court erred by allowing the plaintiff/contractor, Goulard, who sued to enforce a mechanic’s lien and for breach of contract, to introduce into evidence at trial documentation of additional charges for “extras” in the amount of $3,062.12 over and above those extras specifically pled and submitted by him at pretrial conference.
At trial, Goulard said he did not discover the additional change orders until just before trial time. Goulard did not move to amend his pleadings. The defendant/owners, Robert and Elizabeth Saunders, objected to these additional charges, but the trial court overruled the objection and admitted them on the ground that the general prayer for relief in the contract count recited a prayer for “damages in excess of $5,000.00” — even though the specific amount of $6,437.12 as the total claimed for “extras” was included in both counts of the complaint and the additional $3,062.12 was not included in the plaintiff’s pretrial compliance statement.
On appeal, Goulard contends the owners waived the issue of the admissibility of the additional “extras” because of their failure at trial to move for a continuance, citing to cases from other districts for the proposition that defendants surprised by amended pleadings should seek a continuance “to meet the amendment” in order to preserve the appellate issue.[1] This argument misses the point because there was no amendment of pleadings below; rather, the trial judge in effect held that amendment was unnecessary because of the general addendum clause in the prayer for relief on the contract count. This clearly was error since that approach negates the requirement of specificity of pleadings and the aim of pretrial conferences to avoid trial by ambush.
If the trial judge treated the situation as a belated motion to amend the pleadings, he then should have considered whether such an amendment and the admission into evidence of the additional amounts claimed would prejudice the owners in maintaining their defense on the merits. See Fla.R.Civ.P. 1.190(c). In the instant case, it appears there was such prejudice. As pointed out by the appel *1307 lants, they were deprived of any and all discovery as to the “other extras” discovered at the eleventh hour by the plaintiff, and, additionally, the absence of information in regard to this additional claim prior to trial impacted upon the formulation of the defendants’ offer of judgment and the subsequent post-trial determination by the trial court as to the “prevailing party” for purposes of assessment of costs and fees. Cf. Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159 (Fla.1989); Ahmed v. Lane Pontiac-Buick, Inc., 527 So.2d 930 (Fla. 5th DCA 1988).
Accordingly, we reverse the judgment entered below and remand for entry of a judgment exclusive of the item for additional “extras” in the amount of $3,062.12 and for a new determination by the trial court as to the identity of the prevailing party below in respect to the post-trial assessment of costs and fees.
REVERSED AND REMANDED.
GOSHORN and HARRIS, JJ., concur.

. See Howell F. Davis & Associates, Inc. v. Laabs, 389 So.2d 1249 (Fla. 2d DCA 1980); Batista v. Walter & Bernstein, 378 So.2d 1321 (Fla. 3d DCA 1980); Gulfstar, Inc. v. Borg-Warner Acceptance Corp., 360 So.2d 454 (Fla. 3d DCA 1978); and Strickland v. St. Petersburg Auto Auction, Inc., 243 So.2d 603 (Fla. 4th DCA 1971).